THE PEOPLE *ex rel.* Frank Medd *et al.* Appellants, *vs.*
ROBERT E. CARTER *et al.* Appellees.

*Opinion filed June 16, 1914.*

1. SCHOOLS—*population requirement of section 1 of Township High School act of 1911 does not apply to districts organized under section 6.* The requirement of section 1 of the Township High School act of 1911 that there be a single school district having a population of one thousand or more and not exceeding one hundred thousand, applies only where the township high school district is to be created from a single township, and not to a district created, under section 6 of said act, out of contiguous and compact territory in different townships.

2. SAME—*when but one petition and one polling place are necessary.* Where a township high school district is to be created, under section 6 of the Township High School act of 1911, out of contiguous and compact territory in different townships, there need be but one polling place in such territory, and but one petition need be presented in order to authorize the county superintendent to call the election. (*People* v. *Dunlap,* 248 Ill. 154, distinguished.)

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

JAMES H. MURPHY, State's Attorney, and FERNS & SUMNER, for appellants.

EDWARD C. KNOTTS, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the People from a judgment of the circuit court of Macoupin county overruling a demurrer to a plea to an information in the nature of *quo warranto* and dismissing the information against the relators and for costs.

The information was presented, upon leave of court being had for that purpose, against Robert E. Carter, Herbert M. Hayward, Benjamin S. Burr, Richard E. Metcalf, Walter Robinson, Sidney G. Wilton and Marcellus Brown,

calling upon them to answer by what authority they claimed
to hold and execute the offices and franchises of president
and members of the township high school board of educa-
tion of an alleged township high school district designated
as Township High School District No. 181. The petition
for leave to file the information was verified by affidavit,
and set forth that certain voters residing in certain described
territory had signed a petition and presented the same to
Robert C. Moore, county superintendent of schools of said
Macoupin county, asking that an election be called for the
purpose of voting for or against the proposition to establish
a township high school for the benefit of the inhabitants
of the territory described in said petition. The territory
described within the petition is composed of parts of four
townships, and a part of the territory is in Macoupin county
and another part in Jersey county. The proposition to or-
ganize a township high school was decided in the affirma-
tive by a majority of the voters who participated in the
election so called by the county superintendent of schools.
Afterwards the county superintendent of schools called an
election for the election of a president and members of a
board of education for said township high school district,
and at said election respondent Robert E. Carter was de-
clared duly elected president and the other respondents were
duly elected members of the board of education. The re-
spondents appeared and filed a plea, in which a detailed
history of the organization of the high school district and
the election of the board of education was stated. The
relators filed a general and special demurrer to the plea,
which was overruled, and relators having elected to stand
by their demurrer the information was dismissed.

The questions presented require a construction of the
Township High School law of 1911. (Laws of 1911, p.
505.) The plea shows that but one petition was presented
to the county superintendent of schools requesting him to
call an election in the proposed territory, although the ter-

ritory is composed of parts of four townships. It also appears from the plea that the election was called with only one polling place designated within the territory. It also appears that there is not within said proposed territory any single school district that contains more than one thousand inhabitants and less than one hundred thousand, as provided in section 1 of the Township High School law of 1911.

Appellants' contentions are, that to legally organize a township high school district composed of contiguous territory, parts of which are in different townships, it is necessary to have a separate petition presented for that portion of the territory taken from each township, and that a separate polling place in the several townships from which territory is taken to form the high school district must be provided for in calling the election; and the further contention is made that a township high school district cannot be created, under the law of 1911, unless there is within the territory a school district containing at least one thousand and less than one hundred thousand inhabitants. These contentions go to the merits of this controversy.

Appellants present some formal objections to the plea which merely go to the phraseology of the pleading and in no way involve the real contentions between the parties. These special causes of demurrer we do not regard as of sufficient importance to require special discussion. Suffice it to say that the answer is sufficiently certain in its averments and sets forth the title of appellees to the offices which they hold.

The Township High School law of 1911 was considered by this court in *People* v. *Crossley*, 261 Ill. 78, and the validity of the act was sustained. In the *Crossley case*, while the construction of the act was only incidentally involved, we found it necessary to set out the substance of the entire act and to some extent determine its construction. We pointed out in that case that there were two different situations provided in said law under which town-

ship high schools could be organized: First, a single township might be created into a township high school district under section 1 of said act, provided there was in said township a single school district having a population of one thousand or more and not exceeding one hundred thousand; and second, a township high school could be organized under said act under section 6, which provides that the inhabitants of any contiguous and compact territory, whether in the same or different townships, may establish a township high school for the benefit of the inhabitants of said territory, "upon a petition signed by at least fifty legal voters and an affirmative vote in such territory, * * * in the manner provided by this act," etc. The population requirement referred to in section 1 has no application to the organization of a township high school district out of "contiguous and compact territory in different townships" provided for in section 6 of said act, nor is it necessary, in holding an election under said section 6, to provide for a different polling place for each township, or fraction thereof, included within said territory. The language, "an affirmative vote in such territory," contemplates but one polling place in the territory to be erected into a township high school district. Nor is it required, under said section 6, that more than one petition should be presented in order to authorize the county superintendent to call an election to vote upon the question of organizing a high school district.

Appellants rely upon *People* v. *Dunlap*, 248 Ill. 154. That case was decided under the law of 1909, section 87 of which required a petition from each of the townships proposed to be erected into a high school district, and required an affirmative vote in each of such townships or districts at an election to be held pursuant to the provisions of section 85 of said act. That authority does not apply to the situation in the case at bar, which is a proceeding to organize a township high school district under section 6 of the act of 1911.

The court below properly construed the statute of 1911 in overruling the demurrer and in holding that the plea showed a good title to the offices held by appellees.

The judgment of the circuit court of Macoupin county is affirmed.

*Judgment affirmed.*