THE PEOPLE ex rel. George D. Gordon et al. Appellants, vs. CHARLES B. DARROUGH et al. Appellees.

*Opinion filed February 17, 1915.*

1. QUO WARRANTO—*court may, during the term, set aside order granting leave to file information.* Whenever it is made to appear to the court that leave to file an information in the nature of *quo warranto* has been improvidently granted or has been allowed under any misapprehension of the facts or the law, the court may, at any time during the term at which the order was entered, vacate the same and dismiss the proceeding. (*People v. Golden Rule,* 114 Ill. 34, distinguished.)

2. ELECTIONS—*notice of election on the proposition to organize a high school district need not be dated.* A notice of an election upon the proposition to organize a high school district need not be dated, where it is in substantial compliance with the form of notice set forth in section 2 of the act of 1911, for the organization of high school districts.

3. SAME—*description of lands by use of common abbreviations does not invalidate a notice of election.* A notice of an election upon the question of organizing a high school district is not rendered invalid because common abbreviations are used in describing the lands proposed to be included in the district, provided the language used designates the lands intended to be included with sufficient definiteness to enable the same to be located.

4. SAME—*notice of election need not specify act under which the high school district is to be organized.* The statute does not

require that the notice of an election upon the question of organizing a high school district shall specify under what particular act of the legislature it is proposed to organize the district.

5. Same—*when but one polling place is required for election to organize high school district.* Where a township high school district is proposed to be created out of contiguous and compact territory in different townships, part of which is in one county and part in another, but one polling place is required in such territory for the election upon the question of organizing the district. (*People* v. *Carter*, 264 Ill. 42, followed.)

6. Same—*fact that weather conditions on election day were very bad does not necessarily invalidate election.* The fact that on the day an election on the question of organizing a township high school district was held there was a heavy fall of snow, which blocked the highways and the only railroad by which the polling place could be reached, does not necessarily render the election invalid on the ground of an abuse of discretion by the school officers in not postponing the election.

7. Same—*what allegation of fact does not render the election illegal.* An allegation that a specified number of legal voters residing in the territory proposed to be organized into a township high school district had signed a statement that they were opposed to the organization of the district but had been prevented from attending the election because of weather conditions is not ground for holding the election invalid, particularly where it is not shown that their votes would have changed the result had they attended the election and voted.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. Thompson, Judge, presiding.

J. H. Lewman, State's Attorney, J. H. Dyer, and Rearick & Meeks, for appellants.

A. R. Hall, and O. M. Jones, (Hall & Holaday, of counsel,) for appellees.

Mr. Justice Craig delivered the opinion of the court:

This was an information in the nature of *quo warranto,* filed in the name of the People of the State of Illinois by John H. Lewman, State's attorney of Vermilion county, on the relation of George D. Gordon, John A. Peterson and

George Keplinger, against Charles B. Darrough, William J. Martin, A. F. VanDoren, J. W. Harkness, C. W. Hall, E. S. Leigh and J. C. Clements, calling upon them to show by what warrant or right they claim to hold and execute the office of president and members of the board of education of an alleged high school district known as East Lynn High School District No. 222, embracing seven sections of land in Fountain Creek township and two sections in Lovejoy township, in Iroquois county, and twenty-two and one-half sections in Butler township and five sections in Grant township, in Vermilion county. After the information was filed respondents made a motion to vacate and set aside the order granting leave to file the information and to strike the information from the files and quash and dismiss the proceedings. The ground of the motion was that the petition failed to show a defective organization of the high school district or the election of respondents to the office of president and members of the board of education of said high school district. The court sustained the motion, vacated the order granting leave, struck the information from the files and taxed the costs to relators. From this order the relators prosecuted an appeal to the Appellate Court for the Third District, and that court being of the opinion that a franchise was involved and that it was without jurisdiction in the premises, has transferred the cause to this court pursuant to the statute.

The reasons urged as grounds for reversal of the judgment are, (1) that the court had no jurisdiction to vacate the order granting leave to file the information after the information was filed, when such leave was granted during term time; (2) that the notice given for the holding of the election to vote on the question of organizing the high school district was defective and insufficient; and (3) that even if the notice was sufficient the election was illegal, for the reason that the district included territory in two counties and embraced parts of four distinct townships and but

a single voting place was provided for the electors of the entire proposed high school district. The objections urged will be considered in their order.

The order granting leave to file the information and the order subsequently entered vacating and setting aside the order granting such leave and dismissing the proceedings were both made at the same term of court. The rule is well established in this State that during the term at which a judgment is entered the record remains in the breast of the court, and that the court has a discretionary power, at any time during the term, to amend, vacate or set aside the judgment whenever it may deem such course right or necessary for the promotion of the ends of justice. (*Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9.) The rule applies to all proceedings, including those in *quo warranto;* and whenever it is made to appear to the court that leave to file an information has been inadvertently or improvidently granted or allowed under a misapprehension of the facts or law, the court may, at any time during such term, vacate and set aside the order granting such leave and dismiss the proceedings. *People* v. *Union Elevated Railway Co.* 263 Ill. 32.

*People* v. *Golden Rule,* 114 Ill. 34, cited and relied upon by appellants does not lay down a contrary rule. While language is used in that opinion which, when read aside from the facts in the case to which it was applied, would seem to lend support to appellants' contention, it will be seen, when the whole opinion is considered in the light of the question then before the court, that it was not intended to lay down a contrary rule. In that case the information sets forth specifically the acts of the respondents which it was charged constituted a usurpation of a franchise it did not possess. The only question then before the court for decision was whether or not it was necessary to enter a rule *nisi* upon respondents to show cause, upon the presentation of such a petition, before granting leave to file the information. It

was there held that it was not, as no hardship could result from such failure, for the reason that upon the return of the writ respondents would have an opportunity of testing the sufficiency of the information by demurrer, or, if they deemed the information sufficient, they could set up any matters of defense by way of plea. In that case it was particularly pointed out that it was not intended to hold that if leave had been improvidently granted the court could not vacate such order at any time during the term at which it was granted. On page 45 of the opinion it was said: "It is not denied that if the order to issue the summons had been made under a misapprehension of some fact material to be known by the court before making such order, and but for which it would not have been made, it would have been competent for the court to vacate the order at any time during the term. But the court here acted upon no such mistake. It simply allowed that which should have been interposed as a defense on the final hearing, to be urged as a ground for vacating the order."

In *People v. Union Elevated Railway Co. supra,* this court approved the practice adopted in this case. In that case the petition for leave did not set up sufficient facts to show the court that there was probable ground for the institution of the proceedings but referred to the information for such facts, which called upon the respondents, in general terms, to show by what warrant they were assuming to exercise the franchise they were charged with having usurped. Upon such petition being presented, together with the information, leave was granted and the information filed and summons issued. On the return day respondents made a motion to set aside the order granting leave and to strike the information from the files and abate the proceedings. The court allowed the motion. An appeal from such order was prosecuted to this court, and in affirming the judgment of the lower court we said: "The question for our decision is not the sufficiency of the information as a

pleading where leave has been granted to file it, but whether the petition showed probable ground for granting the leave. The circuit court held it did not,—that the leave was improvidently granted,—and set the order granting the leave aside and dismissed the proceeding. We think in this there was no error, and the judgment is affirmed." That case is decisive of appellants' first contention.

The objections urged to the notice given of the election are, (1) that the notice posted was not dated; (2) that it did not state under what particular act the proposed high school district was to be organized; (3) that the description of the territory in the notice was insufficient, in that abbreviations were used in describing various sections and quarter sections of land embraced in the district. The notice as given was in substantial compliance with the form of notice set forth in section 2 of the act of July 1, 1911, (Hurd's Stat. 1913, chap. 122, par. 97*b*,) which form does not require that the notice be dated by the county superintendent of schools before posting. The notice given was as follows:

*"Notice of Election.*

"Notice is hereby given that on Monday, the 23d day of February, 1914, an election will be held at the school house in the village of East Lynn, Vermilion county, Illinois, for the purpose of voting 'for' or 'against' the proposition to establish a township high school for the benefit of the inhabitants of the following described territory:

"Beginning at the northeast corner of Section 30, in township 24, N. R. 12, W. of the second principal meridian, in Iroquois county, Illinois, and running thence W. along the section line to the northwest corner of said Sec. 30; thence along the range line to the northeast corner of Sec. 25, in township 24, N. R. 13, west of the second principal meridian; * * * thence west along section lines to the northwest corner of the E. half of section 29, in T. 24, N. R. 13, W. of the second principal meridian, [describing the balance of the lands embraced in the district in the same manner and concluding as follows:] The polls will be opened at one o'clock P. M. and closed at four o'clock P. M.

OTIS P. HAWORTH,
*County Superintendent."*

It is not claimed that the notice of the election was not posted for the requisite statutory period. No one could have been misled as to the time, place and purpose of the election by the failure to date the notice. Such omission would not invalidate the notice.

As to the other objections, it is admitted that a petition signed by eighty-five legal voters of the territory proposed to be organized into a high school district was filed with the county superintendent of schools requesting that he call an election for the purpose of voting "for" or "against" the proposition to establish, in the manner provided by an act of the General Assembly of the State of Illinois entitled "An act to authorize the organization of high school districts," approved June 5, 1911, in force July 1, 1911, a township high school for the benefit of the inhabitants of the territory above described; that on Monday, the 23d day of February, 1914, an alleged election was held at the school house in the village of East Lynn, in Butler township, Vermilion county, Illinois, for the purpose of voting on said proposition, and that it was shortly afterwards publicly given out that a majority of the votes cast at said election were in favor of said proposition, and that on Saturday, March 21, 1914, the appellees were elected to the office of president and board of education of such alleged high school district. As we understand the petition for leave, the petition filed with the county superintendent of schools also contained a description in full, by both letters and figures and without abbreviations, of all of the lands in the district. The petition filed with the county superintendent of schools, and not the notice of the election, fixes and determines the boundaries of the district and the act under which the contemplated high school district shall be organized. The description of the lands in the notice was sufficient to apprise any land owner in the proposed district, or other person interested, of the time, place and purpose of the proposed election and of the lands to be

embraced in the proposed high school district. We do not think the description of the lands in the notice defective. A description of lands by the use of abbreviations is one of the well recognized methods or ways of describing real property. No set form of words is required. The essential thing is that the language used designate the lands intended to be conveyed with sufficient definiteness to enable the same to be located. If it does that it is sufficient. (*Bowen* v. *Prout,* 52 Ill. 354; *Kile* v. *Town of Yellowhead,* 80 id. 208; *Paris* v. *Lewis,* 85 id. 597; *Sholl Bros.* v. *People,* 194 id. 24; *McChesney* v. *City of Chicago,* 173 id. 75.) Greater certainty than that should not be required in the notice of election. Neither does the statute require that the notice of the election shall specify under which particular act of the legislature it is proposed to organize the contemplated high school district. Where the statute is silent and its language is plain and unambiguous the courts have no power to add to or change its provisions. (*People* v. *City of Chicago,* 242 Ill. 561.) We cannot add that as a requisite in this case. The notice given complied with the statute and must be held sufficient.

The contention that the election is void for the reason that the proposed high school district included land in two counties and embraced parts of four townships and the election was held at one polling place in the territory was fully considered by this court in *People* v. *Carter,* 264 Ill. 42, in which the opinion was filed after the present suit was instituted. We there held that where a township high school is created under the act of July 1, 1911, composed of contiguous and compact territory in different townships, part of which is in one and part in another county, there need be but one polling place in such territory. The reasons for our decision are there stated and a careful reconsideration of the question leads us but to re-affirm what we there said.

It is further contended that the election is illegal for the reason that the petition shows that an unusual and un-

precedented fall of snow and prevailing high winds occurred during the preceding night and on the morning of the day of election; that many of the roads leading to the village of East Lynn were rendered impassable by snow-drifts, so that some of the legal voters residing outside of the village were unable to attend the election, and also that on account of such unusual storm the Lake Erie and Western Railroad Company,—the only railroad running into said village,— was unable to operate its trains on that day, and that by reason of such fact other legal voters were prevented from going to the polling place. It is further alleged that a statement has been signed by more than 165 legal voters residing in said territory and without the limits of the said village of East Lynn, stating that they were opposed to the organization of such high school district and were prevented from attending the election because of the weather conditions above set forth. It is not, however, alleged that had they attended the election and voted, their votes would have changed the result of the election. While school officers, in holding some school elections, are vested with a discretion to postpone the election whenever in their judgment the interest of the district requires it, (Hurd's Stat. 1913, chap. 122, secs. 25, 108,) we find no such provision in the law now under consideration. But even if it contained such a provision, in the absence of allegations of facts showing an abuse of that discretion we would not be at liberty to review their actions in the premises. (26 Cyc. 158; *St. Clair County* v. *People,* 85 Ill. 396.) We cannot, therefore, set aside the election merely because it was held under unusual weather conditions.

Finding no reversible error in the record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*