---

(No. 14203.—Judgment affirmed.)
THE PEOPLE *ex rel.* Mac Dingwell *et al.* Plaintiffs in Error,
*vs.* CLARE CLOSE *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*

1. SCHOOLS—*object of notice of election to organize community
consolidated school district.* The object of the notice of election
to organize a community consolidated school district under the act
of 1919 is to inform the voters of the territory affected, of the
time, place and purpose of the election.

2. SAME—*when misdescription in notice of election does not
invalidate organization.* An error in the notice of an election to
organize a community consolidated school district under the act
of 1919, in misdescribing a certain eighty-acre tract of land, will
not invalidate the organization of the district where the notice
also contains a correct enumeration of all the school districts to
be consolidated, as such error is not one which is likely to mislead
the voters.

WRIT OF ERROR to the Circuit Court of Mercer county;
the Hon. WILLIAM T. CHURCH, Judge, presiding.

PAUL J. GRAHAM, State's Attorney, and GRIER, SAF-
FORD & SOULE, for plaintiffs in error.

WALTER L. MANNON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

To an information in the nature of *quo warranto* filed in the circuit court of Mercer county calling upon the respondents to show by what warrant they claim to exercise the franchise of a community consolidated school district purporting to be No. 105 in Mercer county and by what right they claim to hold and exercise the office of the board of education of such school district, a plea was filed setting forth the proceedings for the organization of the district under the act of June 24, 1919, amendatory of the School law, providing for the organization of community consolidated school districts. (Laws of 1919, p. 904.) A replication was filed, the cause was heard, judgment was entered quashing the information at the costs of the relators, and they have sued out a writ of error.

The only question necessary to be decided in the view we take of the case is the sufficiency of the notice of election. The petition presented to the county superintendent of schools requested him to call an election for the organization of the territory comprised in school districts Nos. 94, 95, 96, 97, 105 and 123 into a community consolidated school district. It contained a description of all the lands in those school districts by section number, and by government subdivision where less than the whole section was included. The notice of election followed the description in the petition, but as to one eighty-acre tract of land constituting a part of district No. 94, and properly described in the petition as the east half of the southwest quarter of section 34, an error occurred and the tract was described as the east half of the southeast quarter of section 34, which was no part of district No. 94 or of any other of the districts proposed to be included in the consolidated district.

It is contended on behalf of the plaintiffs in error that the notice was insufficient to authorize the election because it did not describe territory bounded by school district lines,

as required by section 84*a*, but omits eighty acres of district No. 94 and includes eighty acres outside the boundaries of any of the districts proposed to be consolidated. Section 84*c* provides for the form of notice of election, and requires notices to be posted that "an election will be held at .......... for the purpose of voting 'for' or 'against' the proposition to create a community consolidated school district out of the following described territory, to-wit: (Here describe the territory.)" If the description by section and government subdivision is to be considered alone the notice would be insufficient, because it describes an eighty-acre tract which is not a part of the territory of the districts proposed to be consolidated and does not include an eighty-acre tract which is a part of it. The detailed description was, however, followed by these words: "said described territory being now the school districts No. 94, 95, 96, 97, 105 and 123, Mercer county, Illinois." If these words, alone, are to be considered the description was sufficiently accurate.

In regard to the statement contained in these words, the plaintiffs in error contend that it was untrue in fact, misleading and well calculated to deceive the voters, and that a voter relying on this notice that the territory proposed to be included in the new district was simply the territory of the old districts, would be deceived by this untrue statement. The object of the notice of election is to inform the voters of the territory affected of the time, place and purpose of the election. On the well known principle that mere false description does not make an instrument inoperative, the description in the notice would have been sufficient in a deed or a will or in any instrument affecting the private rights of owners. There is no reason why this doctrine should not apply to the notice of election, unless, in fact, the notice may be regarded as misleading. It would be read by voters, land owners or anybody interested in the school districts in the light of the statute authorizing the

organization of community consolidated districts. Whoever read it would be presumed to know that the law authorized the consolidation of entire school districts, only, and naturally would look to see what school districts were to be consolidated. Every inhabitant or land owner would know the district in which his land or residence was situated. If it happened that the tract in which he was interested was misdescribed and so omitted from the description of the land by government subdivision, he would know that the error in the description was not in the number of the school district but in the particular tract. Any voter in school district No. 94, for instance, would know that he was entitled to vote at the election mentioned in that notice and anyone not a voter in any of the school districts would know that he was not entitled to vote. It would hardly occur to anyone that the mere fact of the misdescription of the particular tract on which he lived would affect his right to vote at an election which concerned the whole school district, where in the same notice containing this description it was stated that the whole school district was included; and it would scarcely occur to a voter living out of the district concerned, that he had a right to vote at that election because the tract on which he resided happened to be mentioned and described in the notice when he knew that the election concerned only other school districts than that in which he lived. In our judgment the notice would not be misleading to a man or woman of ordinary intelligence and it was sufficient.

No other objection is made to the proceedings set forth in the plea by which the consolidated district was organized, and the judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*