(No. 25263.—

The Division of Old Age Assistance, Department of Public Welfare, Appellee, *vs.* Lawrence H. Lyman, Admr., Appellant.

*Opinion filed December 12, 1939—Rehearing denied Feb. 7, 1940.*

28

 

STONE, SHAW, and GUNN, JJ., dissenting.

G. E. NELSON, for appellant.

JOHN E. CASSIDY, Attorney General, TRUMAN A. SNELL, and THOMAS J. KASTEL, for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Armiza H. Miller, a resident of Sangamon county, died intestate on March 4, 1938. Her estate consisted of real and personal property worth approximately $2000. The Division of Old Age Assistance of the Department of Public Welfare filed a claim in the probate court of Sangamon county against the estate of the decedent for $91, paid to her conformably to the Old Age Assistance act and, also, a motion seeking its allowance and payment as a prior claim. It was allowed and classified as a claim of the sixth class. After a hearing *de novo,* the circuit court adjudged that the claim be accorded priority of payment out of any funds in the hands of the administrator of the estate and directed him to pay it to the exclusion of other claims (except taxes) which had been allowed and classified as first, third and sixth class claims. Lawrence H. Lyman, administrator of the estate, the appellant, prosecutes this appeal.

Section 1 of the Old Age Assistance statute defines a "recipient" as a person who has been granted an award

under the terms of the act by the Department of Public Welfare. Section 12, so far as material, provides: "On the death of a recipient the total amount paid under this act shall be allowed as a claim against the estate of such person." (Ill. Rev. Stat. 1939, chap. 23, par. 421, p. 357.) Accordingly, a claim by the State for reimbursement of an award paid to a recipient is a claim for money due the people of the State. The narrow issue presented for decision is whether the claim of the Division of Old Age Assistance, the appellee, against the estate of a recipient, shall be allowed and paid pursuant to section 70 of the Administration act relative to the classification of claims or paid as a prior claim.

Section 70 of the Administration act (Ill. Rev. Stat. 1939, chap. 3, par. 71, p. 85) divides demands against the estate of a decedent into six classes. Admitting that the challenged claim does not fall within the first five classes, the appellant contends that it must necessarily come within the comprehensive language describing the sixth classification, "All other debts and demands of whatever kind without regard to quality or dignity," which, he argues, has abrogated the common law prerogative of the State to have its claim for debts owing it preferred over other creditors of a decedent. To sustain the order assailed, the appellee maintains that the claim in controversy is for money due a sovereign State and, hence, entitled to priority over general creditors out of any assets comprising the estate of the deceased recipient of old age assistance.

Familiar basic principles govern the determination of the issue presented. At common law the sovereign, by virtue of a prerogative right, had priority over all subjects for the payment of debts out of a debtor's property of all debts owing it. (*People* v. *Oregon State Savings Bank,* 357 Ill. 545; *People* v. *West Englewood Bank,* 353 id. 451; *People* v. *Farmers State Bank,* 335 id. 617.) Upon the

adoption of the common law by the General Assembly of this State the sovereign's right to priority in payment became an attribute of the people of the State. (*People* v. *Oregon State Savings Bank, supra.*) Rights of the sovereign, it is firmly established, are never impaired by a general legislative enactment unless such an intent is expressly declared in the statute, and words of a statute applying to private rights do not affect those of the State. (*American Legion Post* v. *Barrett,* 371 Ill. 78; *People* v. *West Englewood Bank, supra.*) The priority claimed here, as in the claims by the State against insolvent banks, is based upon motives of public policy to secure an adequate revenue to sustain the public burdens. This preference or priority, it has been frequently announced, is for the benefit of the public; and in the absence of a statutory provision clearly manifesting a legislative intent to abdicate this sovereign prerogative, the duty devolves upon the courts to observe rather than to destroy it. *People* v. *Oregon State Savings Bank, supra; People* v. *Marion Trust and Savings Bank,* 347 Ill. 445.

Appellant argues, nevertheless, that section 12 of the Old Age Assistance act merely provides for allowance of *a* claim against the estate of a recipient without manifesting an intention to create a preference for the State, and that the sixth sub-paragraph of section 70 of the Administration act is the only classification which fits such a claim. The issue is not, however, whether the General Assembly has expressed an intent to create a preference in favor of the State but is, instead, whether either section 12 of the Old Age Assistance act, or section 70 of the Administration act, evinces an intent to abrogate the common law prerogative of the State. Section 12 contains neither an affirmative provision relative to preferences in the payment of claims against the estate of a recipient of benefits under the Old Age Assistance act nor any provision

expressly repealing or waiving the State's common law prerogative. Section 70 does not even purport to classify claims made by the State. Manifestly, neither section 12 of the Old Age Assistance act nor section 70 of the Administration act expresses a legislative intent to abandon the common law right of the State to priority in payment of debts due it.

The order of the circuit court is affirmed.

*Order affirmed.*

STONE, SHAW, and GUNN, JJ., dissenting.