(No. 26144.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
ORVILLE SUMMY *et al.* Appellees.

*Opinion filed June 17, 1941—Rehearing denied September 15, 1941.*

CHARLES E. TURNER, State's Attorney, (WEAVER & JENKINS, and S. S. DUHAMEL, of counsel,) for appellant.

WILSON & SCHMIEDESKAMP, CARL E. ROBINSON, and ROBERT C. GASEN, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The State's attorney of Brown county, of his own accord, filed a complaint in *quo warranto* in the circuit court of Brown county to require the defendants to show by what warrant they held their offices as members of the board of education of Clayton Community High School District No. 60. Defendants moved to strike the complaint and, following the denial of their motion, filed an answer of justification which was later amended. Plaintiff's motion to strike defendants' answer, as finally amended, and for a judgment of ouster, was overruled. Upon plaintiff's election to abide by his motion, defendants were adjudged entitled to hold their offices and to receive their costs from plaintiff. From that judgment plaintiff prosecutes this appeal.

The following facts appear in defendants' answer, as finally amended, and rest upon the record of the county superintendent of schools of Adams county, hereinafter called the county superintendent. On February 24, 1940, a petition was filed with the county superintendent, requesting him to call an election for the purpose of voting upon the proposition to establish a community high school in a contiguous and compact territory situated partly in Brown county and mainly in Adams county. This document consisted of five identical petitions, each containing from sixteen to thirty-two signatures, bound together into a single petition containing in all one hundred twenty-five

signatures of legal voters residing in the territory therein described. The boundaries of the community to be served were described in the petition by reference to section lines in named townships affected. The county superintendent designated five polling-places within the territory and posted notices of an election to be held March 16, 1940. The notices described the territory in the language of the petition but, by apparent inadvertence, included part of the recital describing the petitioners. This was surplusage but not misleading. The county superintendent certified that he had posted the required notices in ten of the most public places in the territory, mentioning each location. These places included, among others, the wall of the Clayton town hall in Adams county, a tree in the Washington Grove school yard in Adams county, in the Kellerville store, in Adams county, and at various other places at road intersections throughout the territory included within the proposed school district. Following a canvass of the votes cast at this election the county superintendent declared the district organized as Clayton Community High School District No. 60 and immediately caused notices to be posted of an election to be held April 13, 1940, for the purpose of electing five members of a board of education. Affidavits subsequently filed in his office disclosed that, with two exceptions, these notices have been posted in the same places previously employed or in places of similar nature. Two polling-places were designated, one being in each county. The defendants herein, having received the majority of all the votes cast at the election, were declared elected. Plaintiff contends that the answer of defendants, as finally amended, fails to show full compliance with statutory prerequisites to the organization of a community high school district and to their election as members of the board.

The proceedings under consideration were conducted by authority of section 89a of the act to establish and maintain a system of free schools. (Ill. Rev. Stat. 1939, chap. 122,

par. 97, p. 2874.) This section, so far as pertinent to the present inquiry, provides that upon receipt of a petition signed by fifty or more legal voters residing in any contiguous and compact territory, whether in the same or different townships, the superintendent of schools of the county in which the territory or the greater part thereof is situated shall order an election for the purpose of voting upon the proposition of establishing a community high school; and that, if the majority of the votes cast are in favor of the proposition, he shall forthwith order a second election to be held within thirty days for the selection of a community high school board of education, consisting of five members. The statute provides that the county superintendent shall post notices of each election for at least ten days in ten of the most public places throughout the territory, and shall establish one or more polling-places within the district.

Plaintiff contends that, contrary to the statutory provision for a single petition signed by fifty or more legal voters, five separate petitions were filed with the county superintendent, none of which contained the requisite fifty signatures. The practice followed by the petitioners, of circulating identical petitions, binding them into one document, and filing them as a single petition with a total of the required number of signatures or more, has been approved by this court and is no longer a subject for dispute. *People* v. *Sackett,* 351 Ill. 363; *Village of Averyville* v. *City of Peoria,* 335 id. 106.

Plaintiff insists that the territory was not accurately defined in the petition or the notices of the first election, contending that the description of townships must be made by reference to base lines and the controlling principal meridian, and not, as here, by reference to the township names alone. Similar descriptions have been held sufficient for petitions and notices of election. (*People* v. *Swift,*

270 Ill. 532.) The description was sufficiently definite to apprise each voter as to whether he was affected by the proposed election. (*People* v. *Close,* 301 Ill. 458.) We find that the description attacked was sufficient for the determination of the lands included. It is also urged that, by reason of the recital preceding it, the description in the notices of the first election did not refer to the proposed district. The description in a notice of election is sufficient if from it the territory can be located and it is not misleading to persons of ordinary intelligence. (*People* v. *Close, supra; People* v. *Darrough,* 266 Ill. 506.) The description in the instant notices clearly was sufficient to inform the voters of the boundaries of the territory and, in our opinion, conformed to statutory requirements.

It is contended that the notices of election are not shown to have been posted in ten of the most public places in the community. The record before us discloses that the county superintendent affirmed in his recorded affidavit that the places where he posted the notices of the first election came within the meaning of "ten of the most public places" in the territory. An affirmative finding by the county superintendent of schools, that the places where notices of election have been posted are among the most public places in the community, is the highest and best evidence of the fact found. (*Chesney* v. *Moews,* 317 Ill. 111.) With two exceptions, the same or similar places were employed for posting notices in the second election. These exceptions were "the desk of the Clayton State Bank" and "the desk of the Post-Office," both in the village of Clayton, the only incorporated village within the territory, and it may be concluded that they were two of the most public places in the community. In our opinion, the record shows a compliance with the statute in this respect and, in addition, shows a posting in places sufficiently public so that the actual merits of the election were not adversely affected.

In consequence, under the rule announced in *Fiedler* v. *Sanitary District of Bloom Township*, 359 Ill. 221, we hold the election to have been valid.

Plaintiff complains that boundaries were not designated for the polling-places established for either election and voters residing in either county could vote at the polling-places in the other county. Plaintiff urges that an opportunity for repeated voting was presented. The applicable statute leaves to the discretion of the county superintendent the number and location of the polling-places to be established. It does not require that boundaries less than the extent of the territory, which is the voting district, be fixed for any polling-place. The designation of a single polling-place for a proposed school district comprised of parts of more than one county is valid. (*People* v. *Darrough, supra; People* v. *Carter*, 264 Ill. 42.) Likewise, several polling-places may be established for the convenience of the voters within a single voting district and each place may be open to all the voters in the district. (*Williams* v. *Potter*, 114 Ill. 628.) Statutory provisions to which plaintiff refers relate to the organization of school districts and boards of education other than the district and board here considered and are not controlling. Moreover, they require the fixing of boundaries for voting precincts and not, as plaintiff urges, for polling-places within the districts. In the present case, actual fraud in the voting is not claimed. The polling-places considered were established conformably to the provisions of the applicable statute and we do not find error in their designation without fixed boundaries.

Plaintiff's final contention is that the court erred in allowing costs against plaintiff. Section 17 of "an act to revise the law in relation to costs" provides that "In all suits and actions commenced or to be commenced for and on behalf of the People of this State, * * * if such plaintiff suffer a discontinuance or be non-suited, or non-pros'd, or verdict pass against such plaintiff, the defendant

shall not recover any costs whatever." (Ill. Rev. Stat. 1939, chap. 33, par. 17, p. 934.) It is an established principle that the People are never liable for costs unless rendered liable under an express statutory provision. (*Deneen* v. *Unverzagt,* 225 Ill. 378; *Attorney General* v. *Illinois Agricultural College,* 85 id. 516.) The provision in the *Quo Warranto* act, that a successful defendant shall have costs against the relator (Ill. Rev. Stat. 1939, chap. 112, par. 14, p. 2561) has no application to the present proceeding, where the complaint was filed by the State's attorney for and on behalf of the People of the State of Illinois and not at the instance of an individual relator. The judgment, therefore, was erroneous in so far as it allowed costs against plaintiff.

The judgment of the circuit court of Brown county is reversed with respect to that part allowing defendants costs against plaintiff, and is in all other respects affirmed.

*Reversed in part, affirmed in part.*