People of State of Illinois ex rel. Russell Shriver, Appellee, v. Board of Education of Mendon Township High School District No. 89 of Adams County, Appellant.

Gen. No. 9,499.

58

Opinion filed May 28, 1946. Released for publication June 24, 1946.

MAX L. WEINBERG, of Quincy, and HOMER H. WILLIAMS, of Carthage, for appellant.

JOHN T. REARDON, State's Attorney, JOHN T. INGHRAM, and HENRY E. SCHMIEDESKAMP, all of Quincy, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

A complaint in quo warranto was filed in the circuit court of Adams county by the People on the relation of Russell Shriver to test the legality of the annexation of certain non-high school territory to Mendon Township High School District No. 89, which annexation was based on the provisions of par. 104a, sec. 96a, ch. 122, Ill. Rev. Stat. 1943.

The answer of the defendant set forth the proceedings for the detachment and annexation of such territory under the Act of 1943, amendatory of the school law.

Plaintiff filed a motion to strike the answer on the grounds, (1) that it appears from the answer that the superintendent of schools failed to file a legal and sufficient map with the county clerk as required by sec. 96a of the School Act; and (2) that the description of the territory purported to have been annexed is uncertain and contradictory in that a strip of land 20 rods wide is excepted from said territory in one portion of the description and included in said territory in another portion.

The trial court sustained such motion only on the foregoing grounds and ordered that the answer be stricken, and a judgment of ouster was entered. Defendant appeals from such order. No cross-error has been assigned.

The jurisdiction of this court has not been and apparently could not be successfully questioned. (See *People ex rel. Groff v. Board of Education*, 383 Ill. 166.)

The first question presented is whether the description of the territory in question, as used in all of the proceedings, including the notices posted of the election, meets with the requirements of section 96a of the Act of 1943. No question is raised as to any part of the description other than as it describes the territory in the northeast quarter of Section 18, T. 1, R. 8, W.

To simplify this objection it may be properly said that the description used in all of the proceedings starts out by describing, by metes and bounds, all of the territory sought to be detached and annexed, consisting of the equivalent of about 16 sections of land, and in so doing describes by metes and bounds that part thereof in the northeast quarter of Section 18 so as to include all of said northeast quarter except the south 120 rods of the west 20 rods thereof. Immediately following such metes and bounds description are the words: "The foregoing territory consists of the following: . . . northeast quarter of Section 18, excepting a strip 20 rods wide off the west side of the southwest quarter of the northeast quarter of Section 18 . . . ." In other words, there is a variance in that in the metes and bounds description the west 20 rods of the south 40 rods of the northwest quarter of the northeast quarter of Section 18 are excluded from the territory sought to be detached and annexed, while in the summarized description

such west 20 rods are included. It is conceded that such 20 rods so included or excluded contains about 5 acres.

The defendant appellant relies largely on the case of *People ex rel. Dingwell v. Close,* 301 Ill. 458. In that case there was a distinct variance in the two descriptions contained in the notice of election, but the court held that because of the particular facts of the case the particular notice was not misleading to a man or woman of ordinary intelligence and was a sufficent notice. We do not consider the facts in that case as being analogous to the facts in the instant case.

In *People ex rel. Bulpitt v. Buesinger,* 324 Ill. 534, 537, the court said: "The notice given in this case did not describe the territory to be organized into a high school district but described territory which included approximately four sections of land already incorporated in another high school district. This was a material defect in the notice and the election held pursuant to it was void. The plea of justification, which is based on this notice, is insufficient in law to support the judgment. The second plea alleges that relators participated in the election called for the purpose of voting upon the proposition to establish the district in question and that they are therefore estopped to question the legality of its organization. It was stipulated that both of the relators did vote at the election and that they did vote on the proposition. The object of this proceeding is a matter of public concern and any citizen might have become the relator in an action to enforce the public right. Such an action is not barred by the conduct of a relator or the acquiescence of individuals."

In *Seeders v. Shaw,* 200 Ill. 93, 95, the court said: "The law is well settled that where a deed contains two descriptions each of which is in itself complete, one describing the land conveyed by quantity and the other by metes and bounds, in case of conflict the

description by metes and bounds will control and that by quantity will be rejected." In *People ex rel. Dingwell v. Close,* 301 Ill. 458, 460, the court said that there is no reason why this doctrine should not apply to a notice of an election for the formation of a community consolidated school district, unless, in fact, the notice may be regarded as misleading.

The object of such a notice of election is to inform the voters of the territory affected of the time, place and purpose of the proposed election and of the lands affected (*People ex rel. Dingwell v. Close, supra*), and the description of such territory should be sufficiently definite to apprise each voter as to whether he will be affected by such proposed election. (*People v. Summy,* 377 Ill. 255, 259.)

While the law is as stated that, at least generally, a metes and bounds description of lands controls and prevails over a quantity description (*Seeders v. Shaw, supra*), and while it has been said that whoever reads such a notice is presumed to know the school law (*People ex rel. Dingwell v. Close,* 301 Ill. 458, 461), such two rules of law, while practical and expedient, are somewhat arbitrary rules, and we believe that in the instant case, because of the variance in the descriptions the notice of election would be misleading to a voter of ordinary intelligence, and so misleading that an ordinary voter would not know whether the five acre tract in question was in fact to be included in or excluded from the territory sought to be detached and annexed, and so misleading that large numbers of voters might well have been influenced by an apparent but not real issue. Plaintiff appellee says in its brief that such five acre tract is land in a village on which improvements and residences are located. Although the record before us is silent as to any facts which bear out such assertion, nevertheless the assertion suggests the possibilities. While it was a small tract compared to the total area involved, yet there must

have been some reason or purpose in omitting it from the territory in question, which reason or purpose is not apparent from the record.

It is our opinion and we find that the description as contained in the notices of election was so confusing and misleading as to invalidate the election.

In view of such finding it is our opinion that it is not necessary or proper for us to discuss the question of whether or not a legal and sufficient map was filed with the county clerk as required by section 96a of the School Act.

The judgment of the trial court is therefore affirmed.

*Affirmed.*