(No. 3925—

COACH CORPORATION OF FREEPORT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND (EARL C. WILLIAMS and HENRY J. BRANDT, of Counsel), Attorneys for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

DAMRON, J.

Claimant, Coach Corporation of Freeport, an Illinois corporation, seeks reimbursement for a loss it sustained by reason of the misappropriation by the chief security examiner of the Industrial Commission of Illinois of certain U. S. Treasury Bonds which claimant deposited pursuant to the provisions of the Workmen's Compensation Law.

The essential facts of record as resolved by the department report and stipulation of the parties are as follows:

On April 22, 1941, claimant deposited five $1,000.00 negotiable U. S. Treasury Bonds bearing 2½% interest, with the Industrial Commission pursuant to a certain deposit agreement of that date executed on behalf of the commission by its then chief security examiner, Lawrence J. O'Connell. Under the terms of the agreement the bonds were to be held by the Industrial Commission as a guarantee for the payment of any judgment entered against the depositor for any sums found to be due its employees under the Workmen's Compensation Law; the bonds were to be surrendered upon certification that no such payments were due and the interest on these bonds was to be paid to the depositor as it became due.

On April 28, 1941, the said Lawrence J. O'Connell converted two of the bonds by depositing them with the Continental Illinois National Bank and Trust Company of Chicago as security for a personal loan in the sum of $1,600.00. Upon default the bank sold the bonds and the balance in said account after the bank had satisfied its indebtedness amounting to $483.40 was recovered in garnishment proceedings by claimant on October 30, 1944, on order of the Superior Court of Cook County in Cause No. 44 S 12579.

On August 1, 1941, O'Connell converted two additional bonds by delivering them as security for a personal loan of $1,800.00 with the Merchandise National Bank of Chicago. The balance of $303.19 from the proceeds of a sale by the bank to satisfy its indebtedness was recovered on October 30, 1944 by claimant in the same garnishment proceedings.

On October 14, 1941, O'Connell similarly converted

the last $1,000 bond by depositing it with North Shore National Bank of Chicago as collateral security for an $800.00 personal loan. The sum of $248.03 remaining after the bank had sold this bond to satisfy its indebtedness was recovered in the aforementioned garnishment proceedings.

Claimant, on November 26, 1948, recovered the additional sum of $1,968.09 representing its aliquot share in the bond obligation of Fidelity & Deposit Company of Maryland, surety for O'Connell in the case of "Montgomery Ward & Company, Inc., vs. Fidelity & Deposit Company in the U. S. District Court, Northern District of Illinois, Eastern Division."

On the basis of the above admitted facts, claimant seeks an award of $1,997.29 of bond principal and in addition thereto it seeks interest at the rate of 2½% on these bonds as it accrued from March 31, 1941.

In *J. Roy Browning* vs. *State,* 16 C.C.R. 67, a claim based on facts very similar to the one at bar was before us; we held there that the deposit of money by claimant with the Industrial Commission was an involuntary transaction required by the law of Illinois before claimant could do business in this State. We further held the Industrial Commission was authorized by law to enter into a contract such as the one introduced in evidence in this case and claimant there was granted an award for the deposit it had made with the Industrial Commission. *Leopold Cohen Iron Co.* vs. *State,* 16 C.C.R. 162.

Here we find claimant deposited $5,000.00 in U. S. Treasury Bonds with the Industrial Commission and that due to the action of the chief security examiner of the Industrial Commission, the respondent was unable to deliver to the claimant these bonds. The record discloses that this claimant eventually recovered $3,002.71 from

the bonds for which the respondent must be given credit.

The claim for interest must be denied. The State is not liable for the payment of interest in the absence of a statute subjecting it to such liability and in this State there is no such statute. *U. S. Industrial Alcohol Company* vs. *State*, 12 C.C.R. 326; *Southern Kraft Corporation* vs. *State*, 9 C.C.R. 306; *Phillips Petroleum* vs. *State*, 8 C.C.R. 198; *Phillips Petroleum* vs. *State*, 10 C.C.R. 319.

An award is hereby entered in favor of claimant, Coach Corporation of Freeport, in the sum of One Thousand Nine Hundred Ninety-seven Dollars and Twenty-nine Cents ($1,997.29).