(No. 48763.—

THE DEPARTMENT OF REVENUE, Petitioner, v. THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT, *et al.*, Respondents.

*Opinion filed September 20, 1977.*

William J. Scott, Attorney General, of Springfield (Robert G. Epsteen, Assistant Attorney General, of Chicago, of counsel), for petitioner.

Richard J. Schreiber, of Chicago, for respondent Burlington Northern, Inc.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is an original action brought by the Department of Revenue of the State of Illinois (hereafter, the Department) petitioning for the issuance of a writ of *mandamus* (58 Ill. 2d R. 381) directed to the Appellate Court of Illinois, First District, and ordering it to expunge an order that it entered taxing costs against the Department for the printing of excerpts from the record. The Department contends that the court had no authority or jurisdiction to award costs against an agency of the State.

The petition arises out of an administrative proceeding brought by the Department against Burlington Northern, Inc., for its alleged failure to pay a use tax on certain equipment owned and used by that corporation as an interstate carrier for hire. The Department entered a final

assessment of $495,530, from which Burlington sought review in the circuit court of Cook County under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). The circuit court affirmed the Department's order, but the circuit court was reversed by the appellate court (32 Ill. App. 3d 166). We are not concerned here with the correctness of either of these judgments. The appellate court, on the motion of Burlington, entered an order assessing costs against the Department for the printing of the excerpts from the record under the authority of section 22 of "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1975, ch. 33, par. 22), and under our Rule 342(h) (58 Ill. 2d R. 342(h)).

Burlington takes the position that the Department is not entitled to a writ of *mandamus* as the appellate court's assessment of costs involved an exercise of judgment and discretion which is not subject to review by *mandamus*. However, the Department says that the appellate court was without inherent or statutory jurisdiction to assess costs against the State and consequently its order simply was void.

*Mandamus* is proper to expunge a void order entered by a court that was without jurisdiction. *People ex rel. Carey v. White*, 65 Ill. 2d 193, 197. See also *People ex rel. Horwitz v. Canel*, 34 Ill. 2d 306, 309.

The Department contends that the State, under the doctrine of sovereignty, cannot be made liable for the payment of costs unless its consent has been expressed through specific legislative authorization for the imposition of liability. (Though our constitution of 1970 abolished sovereign immunity (Ill. Const. 1970, art. XIII, sec. 4), it was restored by the General Assembly, as the Constitution permitted: "*** the State of Illinois shall not be made a defendant or party in any court" (Ill. Rev. Stat. 1975, ch. 127, par. 801).) The Department says that neither section 22 nor Rule 342(h) specifically authorizes

the imposition of costs against the State. Too, it says that in any event Rule 342(h) could not authorize the assessment of costs against the State since the rule does not represent a legislative act.

Section 22 declares:

"If any person shall take an appeal, to review the judgment of any other court, and the same judgment be affirmed or the appellant non-suited, the appellee shall recover his costs, and have execution therefor; and if the judgment be reversed, the appellant shall recover his costs, and shall have execution therefor, as in other cases." Ill. Rev. Stat. 1975, ch. 33, par. 22.

Our Rule 342(h) provides:

"The cost of producing the excerpts from record shall initially be paid by the appellant, but if the appellant considers parts of the record designated by the appellee unnecessary for a determination of the issues presented by the appeal, he may so advise the appellee in writing and within 7 days the appellee shall advance the cost of producing such parts in default of which the appellant shall either reproduce the material designated by the appellee or seek instructions from the reviewing court or a judge thereof. The actual and reasonable cost of producing the excerpts from the record or the abstract or additional abstract, proved by affidavit satisfactory to the clerk of the reviewing court, shall be taxed as costs in the case; but if either party causes matter to be unnecessarily included in the excerpts from record, the court, irrespective of how the appeal is decided, may impose the cost of producing such matter on the party or his counsel; and the cost of including unnecessary matter in the abstract or additional abstract may be disallowed as costs." 58 Ill. 2d R. 342(h).

In *Galpin v. City of Chicago,* 249 Ill. 554, this court stated:

"The common law does not authorize taxing or allowing costs in any case, and hence in this State judgments for costs must rest upon statutes. Where the legislature has not authorized them they should not be awarded. It is also the general

rule that statutes which impose costs are to be strictly construed. [Citations.] The courts cannot, merely by inference and implication, assume the power and exercise the authority to impose costs against the State. [Citation.] *** 'The sovereignty of the government not only protects it against suits directly, but against judgments even for costs, when it fails in prosecutions.' (*Reeside v. Walker,* 11 How. 272.) Clearly, the people of the State cannot be charged costs in their own courts for unsuccessfully prosecuting those charged with crime or the violation of the laws." (249 Ill. 544, 566.)

This immunity of the State from the assessment of costs, unless there is legislative authorization, was succinctly stated long ago in *People v. Pierce* (1844), 6 Ill. (1 Gilm.) 553, 555: "A State is never bound to give a bond for costs in any case; neither does it ever pay costs, except in some particular way pointed out by statute."

Statutes which in general terms authorize imposing costs in various actions or proceedings but do not specifically refer to the State are not sufficient authority to hold the State liable for costs. The State's consent to the imposition of costs against it must appear in affirmative statutory language. (See *People v. Summy,* 377 Ill. 255, 261; Annot., 72 A.L.R.2d 1379, 1399 (1960), and cases cited therein.) This reflects that cost statutes, being in derogation of the common law, are to be strictly construed (*Goudy v. Mayberry,* 272 Ill. 54, 58; *Galpin v. City of Chicago,* 249 Ill. 544, 566; *Summers v. Summers,* 40 Ill. 2d 338, 342), and that the rights of the sovereign are not impaired by general legislative enactments which apply to private rights unless an intent to make the State liable is expressed in the statute. *Department of Public Welfare v. Lyman,* 373 Ill. 27, 30; *American Legion Post No. 279 v. Barrett,* 371 Ill. 78, 85; 3 Sutherland, Statutes

and Statutory Construction sec. 62.01 at 63-65 (4th ed. 1974).

This was illustrated by this court's holding in *People v. Summy,* 377 Ill. 255. The State's Attorney of Brown County had brought a *quo warranto* proceeding challenging the organization of a community high school district and the election of five board members for a claimed failure to comply with statutory requirements. The trial court held that the defendants properly held their offices and assessed costs against the State's Attorney under a general provision of the *quo warranto* statute which provided: "When judgment is given for any defendant, such defendant shall recover costs against the relator." Ill. Rev. Stat. 1939, ch. 112, par. 14.

This court reversed the judgment for costs holding that the general costs provision of the *quo warranto* statute did not authorize the trial court to assess costs against the State's Attorney, who had filed the action on behalf of the People of the State. It was stated: "It is an established principle that the People are never liable for costs unless rendered liable under an express statutory provision." 377 Ill. 255, 261.

Burlington relies on *People's Gas, Light & Coke Co. v. Gibbons,* 219 Ill. App. 388, as authority that costs may be awarded against the State. There the treasurer of Cook County was enjoined from collecting a tax on capital stock, but the circuit court denied the plaintiff's motion for the assessment of costs against the treasurer. The appellate court recognized that costs cannot be assessed against the State in the absence of specific legislative authorization and held that section 19 of "An Act concerning county treasurers ***" provided the necessary authorization. That section provided that "[a]ll reasonable expenses incurred by the county treasurer in prosecuting or defending suits or actions brought by or against him in any official capacity shall be paid out of the county

treasury." (Hurd's Rev. Stat. 1915-16, ch. 36, par. 35.) We need not consider whether we would agree with the construction the appellate court gave the statute, for here there was no statute which could be claimed to make the State specifically liable for costs.

Section 22 does not afford courts the necessary legislative authorization to impose costs against the State. The statute generally authorizes the assessment of costs in appeals, but there is no reference to the State. As was said in *Galpin v. City of Chicago,* 249 Ill. 554, 566: "[C]ourts can not, merely by inference and implication, assume the power and exercise the authority to impose costs against the State."

Neither is there a reference to the State in Rule 342(h), which generally provides for the assessment of costs of producing excerpts from record. Beyond that difficulty, as we have observed above, the authorization to tax costs must rest on a statute. (*Galpin v. City of Chicago,* 249 Ill. 554, 566.) In *House of Vision, Inc. v. Hiyane,* 42 Ill. 2d 45, this court rejected the contention that under its rule-making power it could change the established doctrine that costs and expenses cannot be awarded to a successful litigant in the absence of statutory authorization. It was said: "Our oft-stated view is that, in the absence of statute (with exceptions not here germane), attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. [Citations.] It is unnecessary to comment upon our rule-making power since we are not disposed to change a doctrine so ingrained in our system of jurisprudence." 42 Ill. 2d 45, 51-52.

For the reasons given, the writ of *mandamus* is awarded, and the Appellate Court, First District, is directed to vacate its order assessing costs against the Department for the printing of the excerpts from the record.

*Writ awarded.*