(No. 77-CC-0558–)

VERNA HESTERLY, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Opinion filed March 6, 1981.*

RANDALL M. JACOBS, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant filed a claim against the State of Illinois alleging that in September 1971 the Department of Corrections of the State of Illinois wrongfully terminated her employment.

Claimant filed a claim with the State of Illinois Fair Employment Practices Commission, Charge No. 73S-57. As a result of the filing of this claim, Claimant and the

Illinois Department of Corrections entered into an agreement wherein Claimant was to receive the sum of $49,595.70. In this agreement, there was a statement to the effect that the Illinois Department of Corrections "shall not challenge the Complainant's claims for damages as set forth in the statement of damages when such claim is presented to the Court of Claims."

Claimant seeks to recover the amount agreed upon in said agreement with the Illinois Department of Corrections in the amount of $49,595.70, plus an additional $8,987.86 which she claims was the amount of additional damages she incurred by reason of her attempt to enter into a business which was unsuccessful, or a total of $58,583.56.

It is Respondent's contention that the agreement entered into by and between Claimant and the Illinois Department of Corrections is not binding upon the Court of Claims and that the amount sought in damages is incorrect. Respondent's position is that the money lost by Claimant in attempting to start a new business while being idle is not chargeable against the State of Illinois. Respondent also states that her earnings of $4,683.47, which was the amount she earned during the period of time she was laid off, is not, in itself, sufficient to show she made a diligent effort to reduce the amount of the claim she might have against Respondent.

The date of Claimant's layoff was September 30, 1971, and her subsequent return to employment with the State of Illinois was January 15, 1977, following an order and decision of the FEPC.

The only evidence in the record is that introduced by Claimant concerning the efforts she made to find gainful employment during the period of her layoff. Respondent was very critical of this evidence and argues

that it did not show sufficient effort on the part of Claimant to minimize the amount recoverable from the State by securing other gainful employment. Claimant did not submit any applications for the various places she allegedly applied for employment. Her testimony was that in most places, prospective employers refused to take her application.

In the agreement reached between Claimant and the FEPC, the dollar figure set forth indicates a claim in the amount of $49,595.70. This was arrived at by calculating what Claimant would have earned had she been re-employed by the State of Illinois on June 1, 1972, minus actual earnings and vacation day credits, plus interest of 6% on the balance that she would have earned. Respondent takes the position that the maximum amount claimant is entitled to is $44,509.94, less $480.00 for vacation allowance credits and $4,683.47 for earnings in 1976, leaving a balance of $39,346.47.

It is the Court's opinion that the agreement entered into between Claimant and the FEPC is not binding upon the Court of Claims and that interest on claims of this nature cannot be allowed. Interest can be allowed only where there is a special statute providing for the same. See 18 Ill. Ct. Cl. 156.

It is the Court's opinion that in the absence of evidence offered by Respondent to show that Claimant had failed in her efforts to mitigate the damages, an award in the amount of $39,346.47 is hereby entered in favor of Claimant.