(No. 83-CC-0075-)

LES ALLOTT, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 7, 1985.*

ANTHONY H. HART, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss and the Court being fully advised in the premises, finds that the Respondent has stated two good and sufficient grounds, either one being sufficient for this Court to dismiss this action.

1. As set forth in paragraph 1 of the complaint, this is a claim for $20,843.55 for interest earned and held by the Illinois Building Authority.

2. The claim is for interest allegedly earned by the Illinois Building Authority while holding retainage fees pending litigation between the Claimant, a subcontractor, and the Corbetta Construction Company, the general contractor, at construction project #76-121 at Joliet Junior College.

3. The first basis for dismissal of this action is that the State of Illinois is not liable for interest on construction fund money to the payee, as illustrated by the following:

A. Interest is not due a defendant on a refund of fines paid under a statute later declared unconstitutional, *People v. Meyerowitz*, 61 Ill. 2d 200.

B. Interest on bid deposit not allowed where bid deposit was ordered returned because of mistake in bid. *Santucci Construction Co. v. County of Cook*, 21 Ill. App. 3d 529.

C. The Interest Act provisions on prejudgment and postjudgment interest do not authorize imposition of interest on the State. Court may not award interest against the State. *City of Springfield v. Allphin*, 82 Ill. 2d 571.

D. Interest on money borrowed by a general contractor to pay a subcontractor termed penalty and denied by this Court in *Erik A. Borg Co. v. State* (1982), 35 Ill. Ct. Cl. 174.

E. FEPC settlement included provision for interest—Court refused to enforce interest provision. *Liddell v. State* (1978), 32 Ill. Ct. Cl. 209.

F. In absence of statute providing for same, interest is not allowable. *Coach Corp. of Freeport v. State* (1949), 18 Ill. Ct. Cl. 156.

4. The second basis for denial of this claim is that the statute of limitations has run. The Court notes that this Claimant is a sub-contractor, who has no contractual privity with the State of Illinois and the claim is, therefore, not founded in contract and subject to a two-year statute of limitations. The interest being claimed dates all the way back to 1972. However, even if this Court had authority to allow the Claimant to file, subsequent to the order of the Circuit Court of Will County, Twelfth Judicial Circuit, wherein the Illinois Building Authority was dismissed as a defendant and the Claimant be granted leave to file this action against the Illinois Building Authority, in this Court that order was entered on October 4, 1979, and the claim currently before this Court was not filed until July 22, 1982, some two years and nine months after the court order. Therefore, under no conceivable theory, was this claim filed within the statutory limitation.

For the above reasons, it is hereby ordered that this claim be and the same is hereby dismissed.