(Nos. 77-CC-1644, 78-CC-1995 cons.—

SANSHERMA BAHN and MILLICENT SYSTEMS, INC., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1985.*

WILLIAM T. HUYCK, for Claimants.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

These cases, which we have consolidated for the purpose of this opinion, are founded in contracts between the corporate Claimant and the Respondent.

Millicent Systems, Inc. ("Millicent") is owned solely by Sansherma Bahn ("Bahn"). Bahn, however, does not have any individual claim and he is dismissed from this action.

The primary claim (78-CC-1995) involves a contract for consulting work in computerizing the contributions

section of the Bureau of Employment Security (BES). The basic premise of this contract was that a federally-funded group in Louisiana (UISDC) had developed a computerized system of collecting employer taxes which it would modify for use in Illinois. The Federal government suggested that Federal funds would be available if Illinois would use the Louisiana system which was a Federal government project, set up as a model which other States were to use. The Illinois contractor was to convert the system from one computer system (CICS) to another (IMS) and help install the system at BES.

Work on the contract was frustrated from the very beginning by the failure of the Louisiana group to provide the materials and manpower it had promised. After a great deal of effort had been expended, the State realized that it would have to change the scope of the project so as to develop its own system from scratch. Work on the contract was stopped, and the reformulated contract was rebid, being awarded to another firm. No notice of termination was given to the Claimant, Millicent Systems. Millicent is seeking damages for breach, consisting of the agreed contract price, less the costs of completion or the sum of $143,638.

Consolidated with the primary claim is a claim under a contract for keypunching work on an hourly basis, for $9,135.75 (77-CC-1644).

Claimants also ask for prejudgment interest, attorney fees and costs.

Respondent offered no testimony or other evidence to rebut the Claimants' claims or calculation of damages. Respondent only contests the claim for interest, attorney fees and costs. The Respondent had agreed to a

settlement of the claim which was not approved by the Court. These claims were on a general continuance because of a companion matter that was pending in the U.S. District Court for the Northern District of Illinois.

The primary contract involved the installation of a computer system in the contributions section of the Bureau of Employment Security (BES) of the Illinois Department of Labor. It was the function of this section to assess and collect unemployment taxes from employers. The project, itself, consisted of taking a system which was developed on different machinery, different hardware, in what they call CICS, and to have it rewritten into an (MS) data base format, which is what the State of Illinois uses.

From the unrebutted testimony and evidence adduced by Claimants, the Claimants have proved these claims in the amounts sought.

Claimant seeks prejudgment interest on its claims. Such interest is barred by *Coach Corporation of Freeport v. State* (1949), 18 Ill. Ct. Cl. 156. Additionally, our supreme court has held that interest against the sovereign will not be imposed in the absence of an affirmative statutory provision. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 578, 413 N.E.2d 394, 397.) Similarly, Claimant's request for costs must fail. *Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 396, 367 N.E.2d 1302, 1304.

Claimant also seeks attorney fees and expenses because of "denials, made without reasonable cause and found to be untrue" pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat., ch. 110, par. 2—611). That section does apply to the State, but the denials complained of arise because of our Rule 10, which

provides for a general denial in all cases. Respondent cannot be characterized as being "unreasonable" in its "denial" when the record reflects that the Respondent stipulated to an award which we did not approve.

It is therefore ordered that Claimant, Millicent Systems, Inc., is awarded $143,638.00 in full and complete satisfaction of the claim in case No. 78-CC-1995, and Claimant Millicent Systems, Inc., is awarded $9,135.75 in full and complete satisfaction of the claim in case No. 77-CC-1644.

It is further ordered that Claimant Sansherma Bahn is dismissed, with prejudice, as a party.