BURL CAMPBELL, Plaintiff-Appellant, *v.* DEPARTMENT OF PUBLIC AID *et al.,* Defendants-Appellees.

(No. 56765; ▮)

First District—January 19, 1973.

*Modified upon denial of rehearing February 21, 1973.*

*Superceded by Opinion filed April 27, 1973.*

Mark Spiegel and Charles Wolfinger, Jr., both of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot and John Whitenack, Assistant Attorneys General, of counsel,) for appellees.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court as modified on the denial of petition for a rehearing:

Plaintiff appeals from an order of the circuit court reversing a finding of the Illinois Department of Public Aid. The action in the circuit court was brought under the Administrative Review Act. Ill. Rev. Stat. 1969, ch. 110, par. 264, *et seq.*

The record indicates that plaintiff, by virtue of various medical disabilities, was unable to care for himself and required constant care. His daughter, Mrs. Palmer, rendered these housekeeping services and plaintiff received an allowance from the Cook County Department of Public Aid of $279 per month for this purpose. (42 U.S.C. § 301.) The housekeeper allowance continued until May of 1970 when the Cook County Department of Public Aid decided that plaintiff did not qualify for the allowance and discontinued payments. Plaintiff appealed to the Illinois Department of Public Aid. A hearing was held on January 6, 1971, to review the findings of the Cook County Department of Public Aid. The Illinois Department of Public Aid affirmed the decision of the Cook County Department of Public Aid.

On administrative review the circuit court reversed the decision of the Illinois Department of Public Aid and ordered the Department to resume plaintiff's allowance of $279 per month for housekeeping services. How-

ever, the circuit court denied plaintiff's request that retroactive payments be made covering the period during which the payments had been wrongfully withheld (May 1970) to the date of the court's judgment (September 16, 1971).

Plaintiff appeals from the circuit court's refusal to order the retroactive payments which had been wrongfully withheld. The defendants have not cross-appealed from the circuit court's determination that defendants wrongfully terminated the payments to plaintiff.

Once the trial court found that plaintiff was entitled to the housekeeper allowance, we can divine no reason for not ordering defendant Illinois Department of Public Aid to make payments for the period of May 1970 to September 16, 1971. Mrs. Palmer continued to care for her father even though payments were being withheld. The argument proffered by the State against making such retroactive payments is the unavailability of funds. We do not consider that a valid contention. We hold that plaintiff is entitled to the allowance for the period during which the payments were withheld.

Because the record is unclear as to the total owing plaintiff, the cause must be remanded to the circuit court for a determination of the amount due to plaintiff consistent with this opinion.

Reversed and remanded with directions.

ENGLISH and LORENZ, JJ., concur.