BURL CAMPBELL, Appellee, v. THE DEPARTMENT
OF PUBLIC AID et al., Appellants.

*Opinion filed June 2, 1975.*

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellants.

Charles Wolfinger and Mark Spiegel of Uptown Neighborhood Legal Services, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Burl Campbell, appealed from the judgment of the circuit court of Cook County entered in his action for administrative review. The appellate court reversed the judgment and remanded the cause with directions. (9 Ill. App. 3d 962.) We allowed the petition for leave to appeal of the defendants, the Department of Public Aid, Harold O. Swank, Director, and the Cook County Department of Public Aid, David L. Daniel, Director.

Plaintiff was a recipient of old-age assistance, of advanced age and incapacitated, and between the dates of July 1969 and April 1970, the Cook County Department of Public Aid had granted him an allowance for housekeeping services. (42 U.S.C. sec. 301 (1970).) In May 1970, the Cook County Department of Public Aid decided that the

allowance for housekeeping services would be discontinued for the reason "that it had been erroneously provided because of past administrative error" and that plaintiff did not qualify for the allowance. The payments were discontinued. Plaintiff appealed to the Illinois Department of Public Aid, and the decision of the Cook County Department of Public Aid was affirmed.

Plaintiff filed a complaint for administrative review. The circuit court, holding that the Department of Public Aid had "abused its discretion," reversed the decision. The court ordered the resumption of plaintiff's allowance for housekeeping services, but denied his request that defendants be ordered to pay him the sums which should have been paid during the period when those payments were withheld (May 1970 to September 16, 1971, the date of the court's judgment). Plaintiff appealed from the portion of the judgment denying him the sums which had accrued during the period that the payments were withheld. Defendants did not cross-appeal from the portion of the judgment which ordered the resumption of the payments. The appellate court reversed the denial of the payments which had been withheld and remanded the cause to the circuit court to determine the precise amount due plaintiff.

In holding that plaintiff was entitled to the payments withheld the appellate court said "Once the trial court found that plaintiff was entitled to the housekeeper allowance, we can divine no reason for not ordering defendant Illinois Department of Public Aid to make payments for the period of May 1970 to September 16, 1971." (9 Ill. App. 3d 962, 963.) Defendants do not purport to point out any error in the appellate court's conclusion but contend that "the appellate court lacked jurisdiction to award retroactive monetary benefits upon reversal of the administrative decision." They argue that under the provisions of section 9 of article VI of both the Constitutions of 1870 and 1970 the circuit court had only

such powers to review administrative action as was provided by law and that the judgment entered by the circuit court exceeded the scope of such powers. They argue further that the circuit court's "jurisdiction is restricted to issues considered by the administrative agency" and that "Illinois law prohibits judicial modification of administrative decisions on appeal." They contend further that because in the administrative hearing the Illinois Department of Public Aid did not consider the question of retroactivity and the circuit court found that payments were due only prospectively, the appellate court was without jurisdiction to award the retroactive payments. The extent of the appellate court's power, defendants argue, was to remand the cause to the administrative agency for a new hearing on the question of retroactivity.

Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 274) provides that the scope of judicial review extends "to all questions of law and of fact presented by the entire record before the court." The "entire record" before the court shows that the defendant Cook County Department of Public Aid, under the authority of then-existing State and Federal regulations, in July 1969 found plaintiff eligible to receive the "housekeeping services" payments. It further shows that without any change having occurred in plaintiff's status or condition, and without any change in the applicable regulations, in May 1970, the Department decided that plaintiff did not qualify for the payments, and that they were discontinued.

Section 12 of the Administrative Review Act provides:

"(1) The Circuit Court shall have power:

\* \* \*

(e) to affirm or reverse the decision in whole or in part."

. In holding that the decision of the Illinois Department of Public Aid was erroneous and ordering payments made

from the date of its judgment, the circuit court reversed the decision "in part" and in so doing acted within the scope of its statutory authority. Under the provisions of section 6 of article VI of the Constitution of 1970 the judgment of the circuit court was appealable as a matter of right. Defendants contend that the jurisdiction of the appellate court was in some manner limited by the provisions of section 6 of article VI of the Constitution of 1970, but the provision to which they refer concerns only "direct review" of administrative decisions. (*E.g.,* Ill. Rev. Stat. 1973, ch. 111½, par. 1041.) The effect of the judgment of the appellate court was to reverse the portion of the administrative decision not reversed by the judgment of the circuit court, and the circuit and appellate courts were vested with jurisdiction to enter the judgments.

Defendants contend next that the appellate court had no jurisdiction "to hold the plaintiff entitled to these funds ***." Simply stated, defendants' position is that because the appropriations out of which the retroactive payments to plaintiff would be payable have lapsed, sole jurisdiction to adjudicate his claim is vested in the Court of Claims.

We have previously held (*People ex rel. Naughton v. Swank,* 58 Ill.2d 95; *Chicago Welfare Rights Organization v. Weaver,* 56 Ill.2d 33) that the rulings of the Department of Public Aid are reviewable under the Administrative Review Act. Insofar as the appellate court held that plaintiff was entitled to the payments which had been withheld its judgment is within the scope of its powers of review, and is affirmed. To the extent, however, that its judgment purports to authorize the circuit court to enter a monetary judgment against the State of Illinois, its judgment was erroneously entered. Ill. Rev. Stat. 1971, ch. 37, par. 439.8.

Defendants urge us to decide the questions of how and from what source funds are to be made available for

the retroactive payment ordered by the appellate court. This issue might conceivably arise at some later time, but on this record the question of the source of the funds to make the payment is not before us. The record contains nothing relevant to the availability of funds with which to pay the sums ordered paid and, as we said in *Mahin v. Baltis,* 34 Ill.2d 413, 421, "Factual and legal issues that may thereafter arise are not now presented for decision."

For the reasons set forth, the judgment of the appellate court is affirmed in part and reversed in part, and the cause is remanded to the Illinois Department of Public Aid with directions to compute the sums due plaintiff and for such further proceedings as may be consistent with this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*