(No. 52836.—

THE CITY OF SPRINGFIELD *et al.,* Appellees, v. ROBERT H. ALLPHIN, Director of Revenue, *et al.,* Appellants.—THE COUNTY OF KANE *et al.,* Appellees, v. JAMES B. ZAGEL, Director of Revenue, Appellant.

*Opinion filed November 18, 1980.*

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield (Fred F. Herzog, Special Assistant Attorney General, and Robert G. Epsteen, Assistant Attorney General, of counsel), for appellant.

Pfeifer & Kelty, P.C., of Springfield (Frank M. Pfeifer and Thomas W. Kelty, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves a dispute over the recovery of interest allegedly due the plaintiffs in two cases consolidated in the appellate court arising as a result of this court's decision in *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117. After consolidation in the appellate court, the consolidated case was transferred to this court pursuant to our Rule 302(b) (73 Ill. 2d R. 302(b)). The issue now before us in whether under our holding in *City of Springfield v. Allphin* an award of interest is authorized. We hold it is not.

In *City of Springfield v. Allphin,* we held that the act reducing from 4% to 2% the State's fee for the collection of certain municipal taxes became effective on December 5, 1974, rather than July 1, 1975. The State, by collecting

a 4% fee during the period December 5, 1974, to July 1, 1975, had retained funds which should have been distributed to the plaintiff. Our decision remanding that cause directed the circuit court to fashion injunctive relief designed to halt the withholding of any collection fee until the amount overwithheld had been compensated for. On remand, the plaintiff city of Springfield filed an amended complaint that, on behalf of cities, sought to recover interest on the funds overwithheld in addition to the return of the principal amount. The complaint in County of Kane v. Zagel (filed January 31, 1979), the case consolidated with City of Springfield v. Allphin, sought similar relief on behalf of counties. The legislature appropriated funds for the payment of the amounts overwithheld and those payments are not at issue here. (1979 Ill. Laws 205, 211.) In both cases, the circuit court of Sangamon County awarded interest to the plaintiffs on the amounts overwithheld.

In discussing the relief to be granted on remand, we stated in *City of Springfield v. Allphin* that "[t]he net effect of such relief should be to reduce the amount of such taxes withheld by the State until the earlier overwithholding is compensated for." (*City of Springfield v. Allphin* (1979), 74 Ill. 2d 117, 131.) This language appears as the last sentence in the paragraph of the opinion stating the court's holding. If any ambiguity or suggestion that interest was recoverable existed earlier in the opinion, this sentence laid it to rest. Precise and unambiguous directions in a mandate must be obeyed. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 48; *Thomas v. Durchslag* (1951), 410 Ill. 363, 365.) Here, the circuit court, on remand, was authorized to compensate the plaintiff for the amount "overwithheld" and nothing more. In commenting on the reasons for this rule, the court stated in *Stuart v. Continental Illinois National Bank & Trust Co.* (1979), 75 Ill. 2d 22, that it would be

impossible to negate every conceivable issue in an opinion and that a decision which failed to exclude a particular result did not include it by implication. (*Stuart v. Continental Illinois National Bank & Trust Co.* (1979), 75 Ill. 2d 22, 27-28.) In our prior *City of Springfield v. Allphin* decision, the fact that we failed to exclude an award of interest did not mean, and cannot be construed to mean, that we intended to include it.

The plaintiffs argue that not only was interest not precluded by our previous opinion, but that the language of our opinion specifically authorized the award of interest. The language relied upon is: "[F]inally, because we hold that the *remedy requested* by plaintiffs was an appropriate one, we need not reach the merits of the alternative remedy suggested by the appellate court." (Emphasis added.) (74 Ill. 2d 117, 131.) Plaintiffs contend that the language italicized authorized the award of interest upon remand since they had, in the original declaratory judgment action, sought not only a refund of the amounts overwithheld, but also interest. Thus, plaintiffs argue, the award of interest was "the remedy requested by plaintiffs," which this court, in its opinion, stated was an appropriate one. The language clearly does not refer to the allowance of interest. Earlier in the opinion it was stated:

> "In counts II through IV plaintiffs seek reimbursement from funds currently being collected by the State." (74 Ill. 2d 117, 122.)

The opinion noted that the pleadings had not precisely described the funds to be paid into the protest fund. The opinion then went on to discuss the holding of the appellate court which had remanded the cause to permit plaintiffs to amend their pleadings to pray for an alternative remedy. (74 Ill. 2d 117, 122-23.) The language now relied upon by plaintiffs was not referring to the allowance of interest as being an appropriate remedy. Instead,

it referred to the suggestion that reimbursement be made to plaintiffs from funds currently being collected. Therefore this court would not need to consider the alternatives suggested by the appellate court. The holding of this court was that, on remand, plaintiffs should amend the complaint to define the funds (tax revenue) from which they may obtain reimbursement, and that the net effect of such relief should be to reduce the amount of the taxes withheld from said funds by the State until the earlier overwithholding is compensated for. In fact, the last sentence of the paragraph containing the language relied upon by plaintiffs contains the clear direction to the trial court, on remand, heretofore discussed. Under the clear language of the opinion, the trial court, upon remand, was not authorized to order that the amount withheld by the State be reduced until the amount overwithheld, plus interest, is fully compensated for.

County of Kane v. Zagel was consolidated with City of Springfield v. Allphin in the appellate court after the latter case had been retried on remand. The County of Kane case was not part of the previous proceedings in this matter, and the mandate of this court in the previous case did not involve the County of Kane. We will therefore consider the other issues raised as to interest in such proceedings.

It is well settled that interest is not recoverable absent a statute or agreement providing for it. (*Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 423; *People ex rel. Barrett v. Farmers State Bank* (1938), 371 Ill. 222, 224; *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 483.) Plaintiffs contend that sections 2 and 3 of the Interest Act give them the right to recover prejudgment and post-judgment interest in this case. Section 2 provides:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they

become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." (Ill. Rev. Stat. 1977, ch. 74, par. 2.)

Section 3 states:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the same until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, or a school district or community college district. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment." (Ill. Rev. Stat. 1977, ch. 74, par. 3.)

Assuming, *arguendo,* that the plaintiffs' claims come within these statutes, it must further be determined whether the legislature intended that the State be liable under them.

Interest statutes, like statutes imposing costs, are in derogation of the common law and must be strictly construed. Nothing is to be read into them by intendment or implication. (*Summers v. Summers* (1968), 40 Ill. 2d 338, 342.) It has been held that interest is a creature of statute and cannot be recovered except where a statute authorizes it. (*Fowler v. Harts* (1894), 149 Ill. 592, 597.) An exception has been recognized to this rule where a city has wrongfully exacted money and holds it without just right or claim. (*City of Chicago v. Northernwestern Mutual*

*Life Insurance Co.* (1905), 218 Ill. 40, 44.) In *City of Chicago,* however, it was recognized that the city was merely exercising its powers as a corporate municipality and not the power of sovereignty. That exception has no application here because general legislative enactments do not impair the rights of the sovereign unless an intent to make the State liable is expressed in the statute. (*Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 396.) The general enactments quoted above do not suggest that they were aimed at imposing liability for interest on the State. In *Department of Revenue v. Appellate Court* this court considered whether costs could be assessed aginst the State under section 22 of "An Act to revise the law in relation to costs" (Ill. Rev. Stat. 1975, ch. 33, par. 22). In discussing whether the statute was sufficient to subject the State to liability for costs, the court said:

"Statutes which in general terms authorize imposing costs in various actions or proceedings but do not specifically refer to the State are not sufficient authority to hold the State liable for costs. The State's consent to the imposition of costs against it must appear in affirmative statutory language." (*Department of Revenue v. Appellate Court* (1977), 67 Ill. 2d 392, 396.)

Our discussion and ruling in *Department of Revenue v. Appellate Court* concerning the imposition of costs against the State applies with equal force to the general interest statutes involved in the case at bar. This reasoning is buttressed by the fact that when the legislature intends to impose liability on the State for interest it affirmatively declares that the burden will fall on the sovereign. (*E.g.,* Ill. Rev. Stat. 1977, ch. 127, par. 132.403.) The failure of the legislature to specifically subject the State to liability under these general interest statutes prevents their use as authority for assessing interest against the

State in these cases.

We turn next to the consideration of whether a court exercising its equitable powers could award interest in this case. The rule has been long established that equity may award interest even though not within the precise terms of the statute. In chancery proceedings, the allowance of interest lies within the sound discretion of the judge and is allowed where warranted by equitable considerations and disallowed if such an award would not comport with justice and equity. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 332; *Galler v. Galler* (1975), 61 Ill. 2d 464, 474; *Duncan v. Dazey* (1925), 318 Ill. 500, 527; *Golden v. Cervenka* (1917), 278 Ill. 409, 433; *Keady v. White* (1897), 168 Ill. 76, 83.) The fact that these proceedings were in equity does not authorize the circuit court to award interest against the State in the absence of statutory authority, when doing so has the net effect of entering a money judgment against the State. In seeking to recover interest from the State, plaintiffs are seeking to recover a sum of money from the sovereign over and above that which, under the statute, rightfully belonged to them and which the defendant, as an officer of the State, had wrongfully withheld.

In our original review of *City of Springfield v. Allphin,* we considered at length the question of sovereign immunity. We noted therein the statutory duties of the Director of Revenue and found that the relief requested against the Director for the wrongful withholding of funds did not make the case a suit against the State. The fact that the Director had deposited the disputed funds into the State's general revenue fund does not prohibit the court from fashioning an appropriate form of relief. In actions such as these where a public official is restrained from doing acts not authorized by statute, the suit is not necessarily against the State, but is against the individual in his official capacity. (See *Bio-Medical Laboratories, Inc.*

*v. Trainor* (1977), 68 Ill. 2d 540, 548; *Owens v. Green* (1948), 400 Ill. 380, 409; *People ex rel. Freeman v. Department of Public Welfare* (1938), 368 Ill. 505, 507.) In this case the defendant, Robert Allphin, the Director of Revenue, was required to collect the municipal retailers' occupation tax and the municipal service occupation tax on plaintiffs' behalf and pay those funds over to the State Treasurer. (Ill. Rev. Stat. 1973, ch. 24, pars. 8—11—1, 8—11—5.) He was not authorized to invest or otherwise deal with the funds in any way other than that described. The collection of the *appropriate* amount of tax and the disbursement of those funds were the only duties of the office that had any effect on the plaintiffs, relative to this suit. Having determined that the defendant withheld an inappropriate amount of tax, in violation of the law, the court fashioned a remedy to correct that violation by allowing the defendant to be restrained from withholding future taxes until the amount overwithheld had been compensated for. The defendant would thus be compelled to discharge his duty according to law.

It is quite another question, however, for a court of equity to also withhold from future collections, not an amount rightfully belonging to plaintiffs which had been wrongfully paid into the State Treasury, but an amount over and above that sum to be paid to plaintiffs as interest. The claimed interest is a separate and distinct claim against the State of Illinois, and the order of the trial court ordering interest is, in effect, a judgment against the State of Illinois. The circuit court had no authority to enter a judgment or to fashion an equitable remedy for the collection of interest in this case. (See *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, 5.) By compelling the defendant to do acts in his official capacity which are not provided for by statute and to go beyond mere reparation for past "illegal" conduct, this court would be taking action against the State in contravention of sovereign

immunity. *Hudgens v. Dean* (1979), 75 Ill. 2d 353.

There being no method in law or equity by which interest can be awarded to the plaintiffs, the orders of the circuit court of Sangamon County awarding interest to the plaintiffs in these consolidated cases are hereby reversed.

*Orders reversed.*