THE VILLAGE OF PAWNEE *et al.*, Plaintiffs-Appellants, *v.* J. THOMAS JOHNSON, Director of the Department of Revenue, *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0220

Opinion filed November 3, 1983.

Thomas W. Kelty, of Pfeifer & Kelty, P.C., of Springfield, and John M. Myers, of Friedman & Koven, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellees.

JUSTICE GREEN delivered the opinion of the court:

The principal issue in this appeal is whether certain statutory provisions (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1; ch. 85, par. 902; and ch. 102, par. 34) require the defendants to credit municipalities with the interest income which accrues on tax receipts collected, invested, and distributed by the defendants pursuant to the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1). We conclude that these provisions do require defendants to credit plaintiffs with such interest income.

On September 29, 1982, the plaintiffs, village of Pawnee and city of Springfield, municipalities which have allegedly levied taxes pursuant to the Municipal Retailers' Occupation Tax Act (MROTA) (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1), filed a three-count complaint in the circuit court of Sangamon County against the defendants, J. Thomas Johnson, Director of the Department of Revenue of the State of Illinois (Director), Roland W. Burris, Comptroller of the State of Illinois (Comptroller), and Jerry Cosentino, Treasurer of the State of Illinois (Treasurer).

Plaintiffs alleged that although MROT receipts are kept in interest-bearing accounts after collection and prior to disbursement, defendants, and their predecessors in office, have failed to credit the plaintiffs with the interest income earned on such receipts.

Count I of the complaint alleged that by failing to credit plaintiffs with the interest income earned on the tax receipts, defendants, and their predecessors in office, have violated the provisions of the MROTA, section 2 of "An Act relating to certain investments of public funds by public agencies" (Public Funds Act) (Ill. Rev. Stat. 1981, ch. 85, par. 902), and section 1 of "An Act in relation to the deposit of public funds" (Public Deposits Act) (Ill. Rev. Stat. 1981, ch. 102, par. 34).

Counts II and III of the complaint, respectively, alleged that defendants' failure to credit plaintiffs with the interest income earned on MROT receipts constituted a breach of fiduciary duty and a constitutional violation of the General Assembly's exclusive right to raise revenue (Ill. Const. 1970, art. IX, sec. 1).

On January 20, 1983, plaintiffs filed an amended motion for class determination (Ill. Rev. Stat. 1981, ch. 110, par. 2—802) seeking to include all Illinois municipalities within the proposed class.

On February 23, 1983, the trial court entered orders (1) allowing the plaintiffs' motion for certification as a class, and (2) allowing defendants' motion to dismiss in bar of action each count of the complaint for failure to state a cause of action. Plaintiffs maintain on ap-

peal that the trial court erred in dismissing their complaint because each of the three counts properly states a cause of action.

■ The Director has the "full power" to administer and enforce the MROTA (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1). The MROTA also provides that the Director shall collect all taxes and penalties due under the Act and pay over all such receipts to the Treasurer, who holds these receipts as trustee. On or before the 25th day of each month the Director must certify to the Comptroller the share to be paid each municipality. The municipalities' share is the amount collected during the second preceding calendar month by the Department for the municipality, less certain deductions including a 2% administrative charge which is to be retained by the Treasurer "to cover the costs incurred by the Department in administering and enforcing [the MROTA]." (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1.) The Comptroller is required to cause warrants to be drawn for each municipality in the amount certified by the Director.

We note, however, that the MROTA does not expressly provide a method for allocating interest income earned on MROT receipts. Plaintiffs argue that the MROTA must be construed *in pari materia* with section 1 of the Public Deposits Act (Ill. Rev. Stat. 1981, ch. 102, par. 34) and section 2 of the Public Funds Act (Ill. Rev. Stat. 1981, ch. 85, par. 902).

Section 1 of the Public Deposits Act requires only that a "treasurer or other custodian of public funds" must invest collected funds which are "not needed for immediate disbursement" within two working days at "prevailing [interest] rates or better."

Because neither the MROTA nor the Public Deposits Act specifically addresses the issue of interest income earned on MROT receipts, an analysis of section 2 of the Public Funds Act is necessary for the resolution of this issue. Section 2 provides:

> "To the extent a public agency has custody of funds not owned by it or another public agency and does not otherwise have authority to invest such funds, the public agency may invest such funds as if they were its own. Such funds must be released to the appropriate person at the earliest reasonable time, but in no case exceeding 31 days, after the private person becomes entitled to the receipt of them. *All earnings accruing on any investments or deposits made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made*, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Emphasis added.)

Ill. Rev. Stat. 1981, ch. 85, par. 902.

Plaintiffs argue that section 2, as interpreted by the supreme court in *City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, 421 N.E.2d 912, provides that the interest income earned on funds invested by one public agency (*e.g.*, the State Treasurer) on behalf of another public agency (*e.g.*, the municipalities) should be credited to the public agencies for which the investments were made. On the other hand, defendants, relying on a reading of the entire last paragraph of section 2 and the legislative history of that section, argue that section 2 applies only to interest income earned on privately owned funds held by a public agency.

In *City of Peoria*, a township collector was designated, pursuant to statute, to collect certain taxes levied by various taxing authorities, including the county, the township itself, and other political subdivisions. The township argued that it was entitled to retain interest that had been earned on collected tax receipts prior to distribution of those receipts to the other taxing bodies. The supreme court disagreed, stating:

> "The taxes received by the township collector result from assessments and levies by the county, the township, and other political subdivisions. The invested funds belong to those taxing bodies, and the township collector's authority is only to collect and hold those funds until the time disbursement is required. His authority to invest these funds by virtue of being their custodian does not affect their ownership, for he is simply acting in a statutorily created fiduciary or agency capacity. The township may not keep the interest earned on these funds simply because a township officer collected and invested them on behalf of other public agencies. The clear language of section 2 [of the Public Funds Act] indicates that this income should be credited to the *public* agencies for which the investments were made." (Emphasis added.) 85 Ill. 2d 195, 207, 421 N.E.2d 912, 917.

Although the section is inartfully drafted by admixing two concepts within it, we agree with the supreme court's interpretation of section 2 as set forth in the *City of Peoria* case. Moreover, in *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 449 N.E.2d 65, the supreme court allowed taxpayers to recover the interest income which had been earned on taxes paid under protest. Although the plaintiffs there were private entities, the supreme court in the *Shell Oil Co.* case indicated that section 2 requires that the interest income earned must be given to the entities for which the invest-

ments were made.

■■ The MROTA provides that the State Treasurer (1) holds the MROT receipts as trustee for the municipalities, and (2) is entitled to retain 2% of such receipts as an administrative charge. If the Treasurer is entitled to greater compensation, the legislature can increase the administrative fee which the Treasurer retains. Accordingly, we conclude that section 2 of the Public Funds Act, when construed with the MROTA and the Public Deposits Act, requires defendants to credit the interest income earned on MROT receipts to the plaintiffs and the members of their class, the ultimate owners of the receipts.

Each of the plaintiffs' three counts requests (1) a declaration that defendants' failure to credit the plaintiffs for the interest on the tax receipts is wrongful, (2) an accounting by the defendants of the amount of interest earned since 1943 on tax receipts collected pursuant to the MROTA, and (3) an order directing payment to the plaintiffs of interest which has been wrongfully withheld in the past by defendants.

Defendants argue that even if plaintiffs are entitled to the interest income earned on MROT receipts, the relief requested by plaintiffs is improper. Specifically, defendants argue that because plaintiffs do not attempt to define a particular fund from which they could obtain reimbursement of interest income earned on MROT funds since 1943, plaintiffs seek an impermissible monetary judgment against the State.

We note that in the *Shell Oil Co.* case the supreme court determined that the issue of whether an award of interest would be a money judgment against the State can be determined by examining the source from which the interest money would be paid.

■■■ Here, plaintiffs would be unable to recover for past sums of interest income which have already been placed by the Treasurer in the general revenue fund. However, an award of undistributed and future interest would be appropriate because (1) an award of such interest income would not result in a money judgment against the State since the Treasurer will pay the interest generated in his capacity as a trustee, and (2) the ultimate source of the interest income would be the bank or other entity with which the fund was invested. *Shell Oil Co.*

Accordingly, we conclude that the trial court erred in dismissing count I of plaintiffs' complaint for failure to state a cause of action. However, we agree with the trial court that counts II and III of the complaint fail to state a cause of action.

In count II plaintiffs argue that defendants' failure to credit plain-

tiffs with the interest income earned on MROT receipts constitutes a breach of a fiduciary duty. Plaintiffs maintain that defendants owe a fiduciary duty because the MROTA provides that (1) the Director is to enforce the Act on behalf of the municipalities, and (2) the Treasurer holds the tax receipts as trustee.

We agree with defendants that public officials are protected when, in the performance of their public duties, they in good faith adopt a mistaken construction of a statute. No action will lie for a public official's mistakes in judgment as to his duties under the law, absent a showing of wilfulness, or malice. (*McCormick v. Burt* (1880), 95 Ill. 263; 63 Am. Jur. 2d *Public Officers and Employees* sec. 289, at 799-800 (1972).) Here, no such wilfulness or malice was alleged in count II of the complaint. No cause of action would lie against the defendant, public officials, for past failure to make the required payments of interest to the municipalities.

Plaintiffs' final contention is that defendants' failure to credit them with the interest income earned on MROT receipts constitutes a constitutional violation of the General Assembly's exclusive right to raise revenue (Ill. Const. 1970, art. IX, sec. 1).

We conclude that plaintiffs have failed to allege sufficient facts to establish that defendants have violated article IX, section 1. That provision pertains to the levying of taxes by governmental units. Here, plaintiffs do not allege any facts showing that defendants are unconstitutionally levying taxes. In addition, because we have concluded that the MROTA, the Public Funds Act, and the Public Deposits Act require defendants to credit plaintiffs with the interest income earned on MROT receipts, there is no reason to further address this constitutional issue.

For the reasons stated herein, we reverse that portion of the judgment entered by the circuit court of Sangamon County dismissing count I of plaintiffs' complaint, and we affirm that portion of the judgment dismissing counts II and III.

Affirmed in part, reversed in part and remanded.

WEBBER, P.J., and TRAPP, J., concur.