FRED A. RICHMAN *et al.*, Plaintiffs-Appellants, *v.* THE CHICAGO
BEARS FOOTBALL CLUB, INC., Defendant-Appellee.

First District (2nd Division)   No. 83—2188

Opinion filed August 28, 1984.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Howard A. London, of counsel), for appellants.

Kirkland & Ellis, of Chicago (John T. Hickey, Jr., and John W. Roberts, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, purchasers of Chicago Bears (Bears) season tickets for the strike-shortened 1982 football season, brought this action to recover prejudgment interest and interest earned by the Bears from the time of the cancellation of four Bears home games to the time the purchase price of plaintiffs' tickets to the games was refunded to them. The trial court granted the Bears' motion for summary judgment and dismissed plaintiffs' amended complaint with prejudice. Plaintiffs appeal.

Prior to the commencement of the 1982 football season, plaintiffs purchased and paid for season tickets entitling them to admission to all Bears home games played during the 1982 season. Four of the home games, scheduled for October 3, October 10, October 24, and November 7, were not played because of the players' strike. These four games were not officially cancelled until the strike was settled on November 16, 1982, and one of the games was rescheduled and played in Tampa, Florida, on January 3, 1983.

By letter dated November 26, 1982, the Bears offered season ticket holders the option of receiving either a refund of $12.50 per ticket for each of the four cancelled games, or a credit toward the purchase of 1983 season tickets. Plaintiffs chose the latter option. The Bears began paying refunds to those season ticket holders who requested them on or about December 10, 1982.

Plaintiffs filed suit on behalf of themselves and all Bears season ticket holders to recover income earned and prejudgment interest on the funds held by the Bears. The Bears answered, denying any unjust enrichment, and moved for summary judgment. The trial court granted the Bears' motion for summary judgment and dismissed the amended complaint with prejudice on the grounds that there was no legal basis for awarding prejudgment interest and that the Bears had not wrongfully withheld plaintiffs' refunds and therefore had not been unjustly enriched. Plaintiffs appeal from this judgment.

Plaintiffs argue on appeal that they are entitled either to damages

for lost use of their money or to restitution measured by the income earned by the Bears as a result of their wrongful retention of plaintiffs' funds. Plaintiffs contend that the Bears profited at plaintiffs' expense by retaining and using money that should have been refunded to plaintiffs, and therefore that the Bears were unjustly enriched and should be required to make restitution.

In support of their contention, plaintiffs cite sections 150 and 156 of the Restatement of Restitution, arguing that under these provisions plaintiffs were entitled to a refund when the games were cancelled. Plaintiffs also contend that the Bears' failure to present any scheduled game would have constituted a breach of contract but for the doctrine of impracticability, which plaintiffs argue had the dual effect of discharging the Bears' obligations under the ticket agreement while entitling plaintiffs to an immediate refund of their ticket payments. Therefore, plaintiffs claim, the Bears should be required to make restitution for any profits they might have made from use of plaintiffs' money.

An examination of the documents contained in the record does not reveal that the Bears were under any contractual obligation to their season ticket holders to present games on dates certain. Because plaintiffs' season tickets were purchased before the Bears' 1982-83 schedule had been determined, there could have been no such agreement. Additionally, any obligation on the part of the Bears to present games would not have been discharged by the players' strike, but rather would have been suspended until settlement of the strike. (See *Leonard v. Autocar Sales & Service Co.* (1945), 392 Ill. 182, 64 N.E.2d 477, *cert. denied* (1946), 327 U.S. 804, 90 L. Ed. 1029, 66 S. Ct. 968.) In any event, the record shows that when the four home games finally were officially cancelled on November 16, the day of the settlement of the players' strike, the Bears promptly offered and began paying refunds to their season ticket holders. In light of these facts, we cannot say that the trial court erred in its determination that the Bears did not wrongfully withhold plaintiffs' funds.

Plaintiffs also argue that, instead of promptly refunding the price of plaintiffs' tickets after the failure of each scheduled game to be played, the Bears improperly retained the funds for at least seven weeks after the date of the first scheduled game, thereby breaching their duty to make restitution and entitling plaintiffs to receive prejudgment interest calculated from the time of the breach. Plaintiffs concede that there is no statutory authority in Illinois for an award of prejudgment interest, but argue that a court may award interest if it finds that such an award is warranted by equitable considerations, cit-

ing *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394, *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 449 N.E.2d 65, *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12, and *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 399 N.E.2d 1295.

These decisions reaffirm the rule that interest is not recoverable absent a statute or agreement providing for it (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 546, 449 N.E.2d 65; *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 576, 413 N.E.2d 394), and that, while equity may award prejudgment interest even though not within the precise terms of the statute (82 Ill. 2d 571, 579), such an award must be justified by unique factual circumstances. The cases cited by plaintiffs show that the few instances in which the courts have found that such circumstances exist are not comparable with the instant case. In each of the cases cited by plaintiffs, the defendant was an office of State or municipal government, and the circumstances giving rise to the award of interest involved illegal or unconstitutional actions by the defendants which adversely affected the plaintiffs' rights. In *Allphin,* the city "withheld an inappropriate amount of tax, in violation of the law." (82 Ill. 2d 571, 580.) In *Shell Oil Co.*, excess taxes were collected and held in a protest fund for over a year, and the court approved an award of interest because there was statutory authority for the payment of interest income from a protest fund to a taxpayer (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 548) and because the State had withheld funds which the taxpayer "had no legal duty to pay as taxes" (95 Ill. 2d 541, 547) and which at no time became the property of the State (95 Ill. 2d 541, 548). Similarly, in *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 362, the court approved an award of interest because without it there would have been an unconstitutional taking of private property without just compensation. *Finley v. Finley* (1980), 81 Ill. 2d 317, 332, 410 N.E.2d 12, also cited by plaintiffs, deals with postjudgment interest on child-support payments and is inapplicable here.

■ In a factual situation such as that of the instant case, involving a contractual relationship between nongovernmental parties and lacking the unique factual circumstances of the cases cited by plaintiffs, the Illinois courts have held that an award of interest not provided for by statute or by agreement requires an element of bad conduct. (*Steward v. Yoder* (1980), 86 Ill. App. 3d 223, 226, 408 N.E.2d 55.) The record in the instant case contains no evidence of bad conduct on the part of the Bears. The uncontested affidavit of the Bears'

treasurer, attached to their answer to plaintiffs' amended complaint, shows that the four strike-delayed home games were not officially cancelled until November 16, 1982, and that the Bears offered full refunds 10 days later. It does not appear from these facts that the Bears are guilty of wrongfully withholding plaintiffs' funds. Therefore, there is no basis for an award of prejudgment interest, and we find that the trial court correctly granted the Bears' motion for summary judgment.

The decision of the circuit court is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.