(Nos. 59412, 59432 cons.—

THE VILLAGE OF PAWNEE *et al.*, Appellees v. J. THOMAS JOHNSON, Director of Revenue, *et al.*, Appellants.

*Opinion filed October 3, 1984.*

SIMON, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield (Imelda R. Terrazino, Assistant Attorney General, of Chicago, of counsel), for appellants.

Thomas W. Kelty, of Pfeifer & Kelty, P.C., of Springfield, and Donald J. Kreger and John M. Myers, of Friedman & Koven, of Chicago, for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiffs, the village of Pawnee and the city of Springfield (municipalities), brought a class action in the circuit court of Sangamon County on behalf of all Illinois municipal corporations, similarly situated, against defendants, J. Thomas Johnson, Director of the Department of Revenue for the State of Illinois (Director); Roland W. Burris, Comptroller of the State of Illinois (Comptroller); Jerry Cosentino, Treasurer of the State of Illinois (Treasurer). The municipalities sought declaratory relief, an accounting, and reimbursement of interest income which accrued on tax receipts collected, invested, and distributed by defendants pursuant to the Municipal Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1.) The trial court granted defendants' motion to dismiss the complaint for failure to state a cause of action. The appellate court held that the municipalities were entitled to interest; however, it limited their recovery to presently accrued and undistributed interest and to interest accruing in the future. (119 Ill. App. 3d 164.) The defendants' petition for leave to appeal (cause No. 59432) that portion of the appellate court's decision requiring them to credit the municipalities with the interest which accrues on municipal retailers' occupation tax receipts was allowed. The municipalities' petition for leave to appeal (cause No. 59412) the appellate court's decision denying retroactive recovery of interest income was also allowed. The appeals have been consolidated for purposes of review. 87 Ill. 2d R. 315.

There are two questions before this court: (1) Are the municipalities entitled to be credited with the interest income earned on Municipal Retailers' Occupation Tax Act

receipts? and, if so, (2) Are the municipalities entitled to retroactive recovery of such interest income?

While the original action consisted of three counts, the parties appeal only as to issues raised in count I. In that count, the plaintiffs stated that they are Illinois municipal corporations that have imposed taxes on retailers as authorized by the Municipal Retailers' Occupation Tax Act and that defendants are State officials who are responsible for the collection, investment and distribution of the tax receipts. The municipalities allege that since July 1943, the date that "An Act relating to certain investments of public funds by public agencies" (the Public Funds Act) (Ill. Rev. Stat. 1981, ch. 85, par. 902) became effective, the defendants and their predecessors in office have been authorized to deposit funds collected under the Municipal Retailers' Occupation Tax Act into interest-bearing accounts. They further claim that since 1980, pursuant to "An Act in relation to the deposit of public funds" (the Public Deposits Act) (Ill. Rev. Stat. 1981, ch. 102, par. 34), the defendants have invested the tax receipts in interest-bearing accounts. The municipalities assert that they are entitled to the interest which accrues on the tax receipts but that the defendants have wrongfully retained the interest. They contend that by failing to credit them with the interest, the defendants violated the Municipal Retailers' Occupation Tax Act, since they retained more than the amount allowable under the Act. In addition, the municipalities contend that the defendants' actions violated the Public Funds Act and the Public Deposits Act. The municipalities request a declaration that the defendants' failure to credit them with the interest income earned on the tax receipts was wrongful, an accounting of the amount of interest earned since 1943, and an order directing defendants to reimburse them with the interest income wrongfully withheld since 1943.

Defendants, on November 1, 1982, moved to dismiss the complaint on the basis that it failed to state a cause of action and was barred by the doctrine of *laches* and sovereign immunity. The municipalities then moved for class certification. The trial court certified the class and, thereafter, entered an order dismissing the complaint. It held that the Municipal Retailers' Occupation Tax Act, the Public Funds Act, and the Public Deposits Act do not require distribution of interest income earned on municipal retailers' occupation tax receipts to Illinois municipal corporations. Because of its disposition of that issue, the court did not address the defenses of *laches* and sovereign immunity.

On appeal, the appellate court reversed the judgment of the trial court dismissing count I. It held that "section 2 of the Public Funds Act, when construed with the [Municipal Retailers' Occupation Tax Act] and the Public Deposits Act, requires defendants to credit the interest income earned on municipal retailers' occupation tax receipts to the plaintiffs and the members of their class, the ultimate owners of the receipts." (119 Ill. App. 3d 164, 169.) It concluded that the municipalities could recover the "undistributed and future interest" income earned on the tax receipts but that they "would be unable to recover for past sums of interest income which have already been placed by the Treasurer in the general revenue fund." 119 Ill. App. 3d 164, 169.

On March 15, 1984, this court entered an order prohibiting the defendants from transferring any interest earned on municipal retailers' occupation tax receipts since November 3, 1983, the date of the appellate court's decision, to the General Revenue Fund until final disposition of this case. The defendants, by affidavit, represented to the court that the interest earned on tax receipts collected since November 3, 1983, has been segregated from the General Revenue Fund.

Although the Act does not specifically provide for the allocation of the interest income earned on the tax receipts, the municipalities maintain that if the Municipal Retailers' Occupation Tax Act is read in conjunction with section 1 of the Public Deposits Act and section 2 of the Public Funds Act, it is clear that the interest income is to be credited to them and is not to be retained by the defendants. The defendants, however, argue that section 2 of the Public Funds Act is not applicable to the present case. Additionally, they maintain that the plain language of the Municipal Retailers' Occupation Tax Act makes clear the legislative intent that the municipalities are entitled only to be credited for "the amount collected under section 8—11—1 without any additions." In the alternative, defendants argue that even if the municipalities are entitled to the interest income earned on Municipal Retailers' Occupation Tax Act receipts, the relief sought by them is improper. They contend that an award to the municipalities for past sums of interest would constitute an impermissible money judgment against the State.

The Municipal Retailers' Occupation Tax Act provides that each municipality in the State of Illinois may impose a tax, at a specified rate, "upon all persons engaged in the business of selling tangible personal property at retail in the municipality." (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1.) Section 8—11—1 also sets forth the powers and duties of the State officials regarding the administration of the Act. The Director is charged with administering and enforcing the Act "on behalf of" the municipalities. He therefore is empowered to collect all taxes and penalties due under the Act. Upon collection of such monies, the Director is to pay over all receipts to the Treasurer, who holds the tax receipts as trustee. The Act further requires that, on or before the 25th day of each month, the Director must certify to the Comptroller

the share to be disbursed to each municipality. The sum to be paid to the municipality is the "amount *** collected during the second preceding calendar month by the Department," minus certain deductions not relevant here, less a 2% administrative charge. The Comptroller is then required to "cause the warrant to be drawn for the amount specified" by the Director. The Treasurer then pays that amount to the municipalities out of the municipal retailers' occupation tax fund. Ill. Rev. Stat. 1981, ch. 24, par. 8—11—1.

Section 1 of the Public Deposits Act requires that "[a]ny treasurer or other custodian of public funds" must invest collected funds which are "not needed for immediate disbursement" within two working days at "prevailing [interest] rates or better." (Ill. Rev. Stat. 1981, ch. 102, par. 34.) The Public Deposits Act became effective on July 1, 1980, and, as the court held in *Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, 204, investment of public funds in interest-bearing accounts has been mandatory since that date.

Section 2 of the Public Funds Act provides, in relevant part:

"To the extent a public agency has custody of funds not owned by it or another public agency and does not otherwise have authority to invest such funds, the public agency may invest such funds as if they were its own. Such funds must be released to the appropriate person at the earliest reasonable time, but in no case exceeding 31 days, after the private person becomes entitled to the receipt of them. All earnings accruing on *any investments or deposits* made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 85, par. 902.

The defendants contend that this section is inapplica-

ble to the present case. They assert that the reference in the section to "private person" makes it clear that the legislature intended that the section apply only to interest earned on privately owned funds held by a public agency. Although we agree that the section is somewhat confusing because it refers to funds owned both by private persons and public agencies, we conclude that the intendment of the legislature was that the statute apply to all investments and deposits made thereunder.

The defendants rely upon *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571 (*Allphin II*), to support their position that interest income earned on municipal retailers' occupation tax receipts cannot be recovered by the municipalities. Our review of *Allphin II*, however, discloses that it is distinguishable from the instant case. In *Allphin II*, this court reversed the judgment of the circuit court allowing interest on municipal retailers' occupation tax funds found to have been wrongfully withheld by the State. The court denied recovery of the interest because the municipalities there sought prejudgment interest which was not authorized either by the Interest Act (Ill. Rev. Stat. 1977, ch. 74, pars. 3, 4) or in equity. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 581.) In the present case, the municipalities do not seek prejudgment interest. Rather, they seek reimbursement for wrongfully withheld interest.

In *Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, this court applied section 2 of the Public Funds Act to public funds held by a public agency. There, the city treasurer served as township collector to collect certain taxes imposed by various taxing bodies, including the county, the township itself, and other political subdivisions. The township maintained that it was entitled to retain the interest income earned on the tax receipts prior to the distribution of those receipts to the other taxing authorities. In holding that the township

was not entitled to the interest earned, the court held that the Public Funds Act requires that the interest earned be given to the public agency for which the investments were made. It reasoned:

"The taxes received by the township collector result from assessments and levies by the county, the township, and other political subdivisions. The invested funds belong to those taxing bodies, and the township collector's authority is only to collect and hold those funds until the time disbursement is required. His authority to invest these funds by virtue of being their custodian does not affect their ownership, for he is simply acting in a statutorily created fiduciary or agency capacity. The township may not keep the interest earned on these funds simply because a township officer collected and invested them on behalf of other public agencies. The clear language of section 2 [of the Public Funds Act] indicates that this income should be credited to the *public agencies* for which the investments were made." (Emphasis added.) 85 Ill. 2d 195, 207.

Similarly, in *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, the court held that when the State Treasurer holds money paid by taxpayers under protest, pursuant to "An Act in relation to prepayment and disposition of moneys ***" (the Protest Monies Act) (Ill. Rev. Stat. 1979, ch. 127, par. 172), the interest income earned by that money does not belong to the State. Rather, the taxpayers are entitled to be credited with the interest. The court reasoned that "[t]he interest income, as it accrued, belonged neither to the State nor to the county for whose benefit the taxes were collected. The Treasurer's authority, as trustee, to invest these funds did not affect the ownership of the funds or entitle him to keep the interest so earned." (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 547.) The court then stated that although the Public Monies Act does not expressly provide for the distribution of the in-

terest income, section 2 of the Public Funds Act requires that the interest be paid to the entities for which the investments were made. 95 Ill. 2d 541, 548-49.

We find *City of Peoria* and *Shell Oil Co.* controlling in the present case. The Director here, as did the township collector in *City of Peoria,* collected taxes imposed by other taxing bodies. The Treasurer, pursuant to the Municipal Retailers' Occupation Tax Act, held those receipts merely as trustee for the municipalities and, as such, he was entitled to retain only the amount specified by the Act. We find that when the Municipal Retailers' Occupation Tax Act is considered in conjunction with section 2 of the Public Funds Act, it is clear that the municipalities, the taxing bodies for which the investments were made, are entitled to be credited with the interest income.

In the present case, however, the municipalities seek reimbursement for wrongfully withheld interest since 1943. The municipalities, relying on *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117 (*Allphin I*), claim that recovery of "interest" wrongfully withheld in the past would not constitute a money judgment against the State. Our review of *Allphin I,* however, discloses that it is factually inapposite to the present case. At issue in *Allphin I* was the effective date of an amendment to the Municipal Retailers' Occupation Tax Act which reduced the State's administrative charge, not interest, from 4% to 2%. The taxing authorities claimed that the amendment took effect on December 5, 1974, and the State claimed that it was not effective until July 1, 1975. The court found that the effective date was December 5, 1974, and, therefore, the State had not applied the correct effective date. Having determined that the State withheld an inappropriate amount of the tax collected, the court ordered the State to reduce the future amount of its administrative charge until it equaled the amount

wrongfully withheld. In discussing whether such relief was a judgment against the State, the court stated "[w]here the issue is whether a State officer has refused to disburse appropriated funds according to law, and the relief sought is an injunction directing those funds be released in accordance with the appropriation, the action is not one against the State." (74 Ill. 2d 117, 124, citing *County of Cook v. Ogilvie* (1972), 50 Ill. 2d 379, 383.) In the instant case, however, the municipalities do not seek funds which have been specifically appropriated for by the legislature. In addition, they do not allege that the municipal retailers' occupation tax receipts collected by the defendants have been unlawfully retained. Instead, they seek interest on those receipts which are lawfully in the custody of the State.

In *Shell Oil Co.*, the court stated that the issue of whether "an award of interest would be a money judgment against the State can be determined by examining the source from which the interest money would be paid." (95 Ill. 2d 541, 547-48.) It held that the award of interest there was not a money judgment against the State because the interest earned by the Treasurer was available to pay the taxpayers; the Treasurer would pay the interest generated in his capacity as trustee; and the ultimate source of interest income was the bank or other entity wherein the funds were invested. (95 Ill. 2d 541, 548.) On the other hand, in *Campbell v. Department of Public Aid* (1975), 61 Ill. 2d 1, this court reversed the appellate court's order requiring defendant to make retroactive payments to the plaintiff. The court reasoned that such payment was prohibited as a money judgment against the State since the appropriations, for each of the preceding years from which payment could be made, had already lapsed. 61 Ill. 2d 1, 5.

In the present case, to the extent that the funds out of which the municipalities seek reimbursement have

lapsed, there is no longer an identifiable source from which they could be reimbursed. Any recovery by the municipalities would then have to be derived from the General Revenue Fund of the State. Such relief would clearly amount to an impermissible money judgment against the State.

Accordingly, we hold that the municipalities are entitled to be credited with the interest income which accrued since November 3, 1983, the date that the funds have been segregated from the General Revenue Fund, and also the interest that accrues in the future. However, they may not recover for past sums of interest income which have already been placed by the Treasurer into the General Revenue Fund. We note parenthetically that *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422, also denied certain claims for past interest, while allowing claims prospectively. That holding was founded on general equitable principles.

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.