(No. 82-CC-1497–)

THE ILLINOIS MUNICIPAL LEAGUE and THE ILLINOIS
ASSOCIATION OF COUNTIES, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 22, 1994.*

BETH ANNE JANICKI, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN SIMP-
SON, Assistant Attorney General, of counsel), for Respon-
dent.

OPINION

SOMMER, C.J.

This claim can be characterized as having two differ-
ent aspects as stated by count I and count II of the
amended complaint.

In count I, the Claimants are requesting interest on
an administrative fee withheld by the State on collection
of the county retailer's occupation tax (CROT) and the
municipal retailer's occupation tax (MROT). The su-
preme court had previously ruled that the effective date
of legislation reducing the 4% administrative fee to 2%
was December 5, 1974. The State contending that the

effective date was at the beginning of the fiscal year, charged the full 4% fee until June 30, 1975. The State was ordered to pay back the 2% overwithheld for the period December 5, 1974, to June 30, 1975.

The municipalities and counties then brought an action for interest on the amount of the 2% fee overwithheld. (*City of Springfield v. Allphin* (1984), 82 Ill. 2d 571.) After stating the general principal that interest is not recoverable absent a statute providing for it, the supreme court entered into a detailed discussion of the application of various possible interest statutes. The Court concluded that interest statutes are to be strictly construed and that the possible statutes did not apply, nor could interest be imposed on equitable grounds, as such would be "contravention of sovereign immunity." The Court then ruled that "There being no method in law or equity by which interest can be awarded to the plaintiffs, the orders of the circuit court of Sangamon County awarding interest to the plaintiffs in these consolidated cases are hereby reversed." *City of Springfield, supra*, at 581.

The Claimants contend that the supreme court's ruling in *City of Springfield* is correct insofar as the circuit courts and supreme court go, as these courts generally cannot make awards against the State; however, the Court of Claims can make awards against the State.

The rule in this Court is the same as stated in *City of Springfield*. Interest is not recoverable, particularly against the State, absent a statute imposing such. *T & D Pharmacy, Inc. v. State* (1984), 37 Ill. Ct. Cl. 37. *Centola v. State* (1988), 41 Ill. Ct. Cl. 119, 121.

The Claimants argue that the Public Funds Investment Act (30 ILCS 235/0.01 *et seq.*), imposes liability for interest. This Act states that to the extent that the State

has custody of funds belonging to another public agency, it may invest such and the earnings would belong to the other public agency. The Public Funds Investment Act is addressed to the situation in which the State knowingly holds money belonging to another government agency, and acts as custodian of such money. The State was not required to invest such money in any event, as the Public Deposits Act (30 ILCS 225/0.01 *et seq.*), which requires investment of funds held by the treasurer became effective on July 1, 1980. (*Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195; *Village of Pawnee v. Johnson* (1984), 103 Ill. 2d 411.) In this claim. the 2% fee overwithheld for December 5, 1974, to June 30, 1975, was claimed by the State to be its own money, duly earned. The State was not in a custodial relationship to the funds, nor was the State required to invest the funds. Therefore, we hold that the Public Funds Investment Act does not impose liability for interest in this situation.

Adopting the same reasoning as in *City of Springfield* we find no other statute imposes interest liability for the 2% fee withheld; and as this Court may not order equitable remedies, we are unable to award interest in the form of an equitable remedy. (*National Railroad Passenger Corp. v. State* (1982), 36 Ill. Ct. Cl. 265, 266.) Therefore, we deny count I of the complaint.

In count II, the Claimants are requesting interest on MROT and CROT tax proceeds that were held by the State prior to distribution to local governments. This very issue has been before the Illinois Supreme Court in the case of the *Village of Pawnee v. Johnson* (1984), 103 Ill. 2d 411. In *Village of Pawnee* the supreme court ruled that the State is required to pay interest to the local governments on the MROT tax proceeds held by the State prior to distribution after November 3, 1983. In this claim, the

claimants are seeking interest for the period from July 5, 1977, to November 3, 1983.

In *Village of Pawnee*, the court stated that interest on proceeds collected prior to November 3, 1983, could not be ordered reimbursed, as "* * * any recovery by the municipalities would then have to be derived from the General Revenue Fund of the State. Such relief would clearly amount to an impermissible money judgment against the State." 103 Ill. 2d 411, 422.

The Claimants argue that the above language implies that the Court of Claims would have jurisdiction, as it can order money judgments against the State. The Claimants further argue that the Public Deposits Act (30 ILCS 225/1), which requires investment of tax receipts coupled with the Public Funds Act, *supra*, which permits investment of custodially-held funds, require interest to be paid by the State.

In the case of *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1984), 103 Ill. 2d 422 (hereinafter referred to as *Wood Dale*) the supreme court ruled that interest on proceeds retained by the county treasurer need not be returned to local governments even though the county treasurer was ordered to pay interest on such proceeds in the future. In *Wood Dale*, the supreme court clearly had the power to order past interest to be paid but declined to do so. When speaking of payment of restitutional relief, the court stated that "* * * such relief is not required in every case * * *." (103 Ill. 2d 422, 431). Therefore, we find that *Wood Dale* stands for the proposition that payment of past interest is not necessarily required.

The Claimants argue that in the *Wood Dale* case, the supreme court balanced "equities," but the Court of Claims may not act as a Court of equity; and therefore, this

Court cannot apply the methodology or the rule in *Wood Dale*. We disagree. We are a creature of the General Assembly created to weigh thousands of claims yearly that otherwise could be presented to the General Assembly. We are told to find the facts and apply the law. We are not given equitable remedy powers. We cannot divorce people, or issue injunctions, or make awards in *quantum meruit*; but we can balance factors called equitable to arrive at a decision following the precedents of the supreme court.

In *Wood Dale*, the Illinois Supreme Court used the tests set out in the U.S. Supreme Court case of *Chevron Oil v. Huson* (1971), 404 U.S. 97, 92 S. Ct. 349, to determine whether it should award interest retroactively. First, the decision must establish a new principle of law or be an issue of first impression. In this claim, the practice in question was unchallenged since 1943, and may have been unchallengeable until 1980 when the Public Investment Act, *supra*, placed a mandatory duty on the treasurer to invest. Even then the Public Investment Act was not applied against the State until the decision *Village of Pawnee, supra*, in 1984. Thus, the issue was one of first impression.

Second, the Court must look at the prior history, which we have done, and find whether retroactivity will further or retard operation of the new rule. We find that retroactivity would neither further nor retard operation of the new rule.

Finally, the Court must weigh the inequity or "injustice or hardship" of applying the rule retroactively. In this regard, we find that the decision in *Village of Pawnee, supra*, hinged on provisions of a statute, the Public Investment Act, that was not effective until 1980 and had not previously been applied to the State; therefore, the most equitable solution is to maintain the long-standing

practices that existed prior to 1984 and the *Village of Pawnee* decision. We find that to do otherwise would be a hardship to the State, but less of a hardship to the municipalities, as the monies involved would not have been anticipated or budgeted by the municipalities; whereas, the State would have to appropriate a substantial sum from current revenues to make a retroactive payment.

The present claim and *Wood Dale* are analogous. In both cases, a broader level of government was collecting taxes for other governmental units and withholding interest. Both withholdings were long-standing and were done under a claim of right. The situation in the present count has persisted since at least 1943. Therefore, absent a statutory requirement, strictly construed, and balancing the factors as in *Wood Dale*, we cannot order interest to be paid for the period July 5, 1977, to November 3, 1983. Therefore, we deny count II of the complaint.

The *City of Springfield* and *Village of Pawnee* cases were brought as class actions. We do not know the reason that the present claim was not brought as a class action. This Court's uneasiness with the Municipal League and the Illinois Association of Counties as the Claimants is that the parties are not directly interested or aggrieved parties and do not have as members all of the potential claimants, some of whom may now be foreclosed by the statute of limitations. However, we find that it is not necessary to decide the issue of standing to reach a conclusion as no award is made.

It is therefore ordered that this claim is dismissed.